# Lawson v. The State.

## *Murder.*

1. *Homicide; Continuous Difficulty; Evidence.*—Where defendant and deceased had some words and deceased walked rapidly away about 100 yards to a store, purchased a gun, and returned and renewed the quarrel and shot deceased, the difficulty was a continuous one and testimony was admissible as to what occurred at its commencement.

2. *Same; Character of Deceased.*—In the absence of proof of self defense, and where the evidence tended to show that defendant was at fault in bringing on the difficulty, evidence of the bad character of deceased was inadmissible.

3. *Same; Instructions; Self Defense.*—An instruction asserting that if defendant was on his way home and did nothing to bring about the difficulty with deceased, the fact that defendant went to a store and got a gun would not of itself deprive defendant of the right to shoot in self defense, if he could not have escaped danger by retreating, fails to hypothesize defendant's freedom from fault and his willingness to engage in the difficulty, and defendant's belief in the imminency of his peril, and was properly refused.

4. *Trial; Instructions Covered by Those Given.*—It is harmless error to refuse instructions covered by those given.

5. *Same; Misleading Instructions.*—It is not error to refuse an instruction which, in the light of the facts in the case, would tend to mislead the jury, although it stated a correct abstract proposition of law.

6. *Homicide; Instructions; Degree.*—An instruction asserting that if at the time defendant fired the fatal shot he did not fire at a vital part of deceased's body, and did not intend to kill him, but only intended to stop him from advancing on defendant, then he was not guilty of murder in either the first or second degree, was erroneous and properly refused.

7. *Same; Self Defense.*—Instructions on self defense which omit to hypothesize a belief by defendant in an imminency of peril, are properly refused.

8. *Criminal Law; Instructions; Reasonable Doubt.*—Under the plea of self defense, the burden is on defendant to satisfy the jury from the evidence that he acted in self defense and hence, a charge asserting that if on consideration of all the evidence there remained a reasonable doubt as to whether the killing was in self defense, the jury should acquit, was properly refused.

9. *Same; Applicability to Evidence.*—A charge hypothesized upon facts not in the evidence is abstract and its refusal proper.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Lee Lawson was convicted of murder in the second degree for the killing of one McCollum by shooting him with a gun, and sentenced to the penitentiary for a term of 40 years. From this judgment he appeals. Affirmed.

At the request of the state the court gave the following written charges: "(1) To make out a case of justifiable self-defense, the evidence must show that the difficulty was not provoked or encouraged by the defendant, that he was or appeared to be so menaced at the time as to create a reasonable apprehension of danger to his life or of grievous bodily harm, and that there was no other reasonable hope of escape from such present impending peril. (2) To make the plea of self defense available, the defendant must be without fault. If he himself was the first aggressor, he cannot invoke the doctrine of self-defense, even if the deceased was approaching him in a hostile manner; and whether the necessity to take the life of deceased was real or only apparent, if brought about by the designed contrivance or fault of defendant, he cannot be excused on the plea of self-defense. (3) If a party dangerous armed provokes a hostile demonstration with an undue advantage, he is guilty of murder if he slays his adversary pursuant to previously formed design to use his weapon in an emergency. Previous preparation for a rencounter evinces deliberation, and, unexplained, is evidence of express malice. (4) If the defendant had a good reason to apprehend an attack from the deceased, he had the right to arm himself for self-defense, but not for aggression. His responsibility for the subsequent use of his weapon is not diminished because of the right he had to obtain and carry it, if, after having obtained it, he traveled the public road expecting to meet the deceased and provoke the fatal rencounter. The degree of his guilt is the same as it would have been if no reason for apprehending an attack had

[Lawson v. The State.]

been furnished by the previous conduct of the deceased. If, notwithstanding the existense of apprehension, the jury are satisfied beyond a reasonable doubt that the killing was malicious, that the weapon was obtained and carried by defendant, not for the purpose of defense alone, but with a view to a rencounter, in which he intended to take the life of the deceased, and which he intended to provoke, or did not intend to avoid, the degree of the offense was not mitigated. (5) If the deceased, when within a short distance of defendant, approaching him in a public street, made a hostile demonstration with his hands, rocks, or otherwise, which impressed the defendant with the belief that the deceased intended when they met to attack him with a rock or otherwise, yet, if the defendant could have reasonably avoided the threatened danger by leaving the public road and taking a bypath, or by going into the woods, it was his duty to have done so; and, if he did not, he cannot be excused on the plea of self-defense, if he had previously armed himself with a gun to be used against the deceased in case of a difficulty, and he anticipated there would be a difficulty when they met."

The defendant requested the following written charges, which were refused: "(33) The court charges the jury that if they believe from the evidense that Lee Lawson was on his way home, and that he did nothing to foster or bring on the difficulty with McCollum, the mere fact of his going to the store and getting a gun would not, of itself alone, and with no act or demonstration of using it until he was forced to do so by the act of McCollum, take from him the right to shoot in self-defense, if he could not have escaped danger by retreating." (34) Not necessary to be set out. "(35) The court charges the jury that Lee Lawson had a right to carry a gun and to arm himself against an apprehended attack. (36) I

charge you, gentlemen of the jury, that if you find from all the evidence in this case that at the time the defendant fired the fatal shot he did not fire at a vital portion of deceased's body, and did not intend to kill him, but only to stop him from advancing on defendant, then you cannot find him guilty of murder either in the first or second degree. (37) The court charges the jury that the following principles are correct principles of law: When one is menaced with an assault, the following questions present themselves: First. Is he free from fault in bringing on the difficulty? Second. Did he fight willingly? Third. Is there a reasonable mode or grounds for escape from danger? Fourth. Is the threatened assault of such a nature that, if perpetrated, is it likely to produce death or great bodily harm? If the first and fourth grounds are answered 'Yes,' and the second and third are answered 'No,' a case of self-defense is presented; and if, upon consideration of all the evidence in the case, there remains in the minds of the jury a reasonable doubt as to whether the killing was in self-defense, the jury should acquit the defendant. (38) The court charges the jury that if they find from the evidence that the deceased was a man of violent, turbulent character, that he had made threats against the life of defendant which had been communicated to him, and if at the time of the difficulty he was approaching defendant in an angry, threatening manner, with rocks in his hands, calculated to produce death or great bodily harm, then I charge you that under such circumstances a demonstration or overt act made by such a one may afford much stronger evidence that the life or limb of defendant was in imminent peril than if performed or made by one of an opposite character or disposition, and it might reasonably justify a resort to more prompt measures of self-preservation. (39) The court charges the jury that if

the deceased had threatened the life of defendant, and those threats had been communicated to him, and if in pursuance of said threats deceased approached the defendant in an angry, threatening manner, and his conduct at the time was such as to impress the mind of a reasonable man so situated that the deceased was about to commit a felonious assault on the defendant, with danger to his life or limb, and if, acting on these appearances and in defense of himself, the defendant fired the fatal shot, and if he was free from fault in bringing on the difficulty, then it is for you to say, under all the evidence, if he should be acquitted. (40) The court charges the jury that Lawson had the right to travel the road to his home, and that no duty devolved upon him to abandon the raod because deceased was standing in the road or on the rocks; and if Lawson was free from fault in bringing on the difficulty, and deceased approached him in an angry, threatening manner, with rocks in his hands, cal· culated to produce death or great bodily harm, Lawson had the right to ask deceased to let him pass and go on towards his home; and if deceased refused to do so, still Lawson had the right to continue his journey towards his home, and if to do so and pass deceased would honestly impress the mind of a reasonable man that it would increase his peril, then he would have the right to use whatever course was necessary to pass deceased and continue his journey."

ALTO V. LEE, JR., for appellant. Particulars of a former difficulty cannot be shown.—*Stett v. The State,* 91 Ala. 10; *McAnally v. The State,* 74 Ala. 18; *Gray v. The State,* 73 Ala. 71; *Jones v. The State,* 23 South. 135; *Longmire v. The State,* 30 South. 414. Evidence as to the character of deceased as a fighting, fussy, dangerous man, was admissible.—*Eiland v. The State,* 52 Ala. 322;

[Lawson v. The State.]

*Roberts v. The State,* 68 Ala. 156 ;*DeArman v. The State,* 71 Ala. 351. Under the evidence, charge 33 should have been given.—*Perry's Case,* 94 Ala. 650. On the same authority charge 34 should have been given. A man has a right to arm himself if he has good reason to apprehend an attack.—*Martin's Case,* 77 Ala. 1. The court should have given charge 38.—*Robert's Case,* 68 Ala. 156. Charges 1, 2 and 3 for the state should have been refused.—*Hinson v. The State,* 112 Ala. 41; *Robinson v. The State,* 108 Ala. 14; *Gibson v. The State,* 89 Ala. 21; *Holmes v. The State,* 100 Ala. 80.

ALEXANDER M. . GARBER, Attorney-General, for the State. The objections to the questions as to the former difficulty came too late.—*Coppin v. State,* 123 Ala. 58; *Franklin v. The State,* 39 South. 979. In any event, the evidence was proper as it was within the res gestae of the killing.—*Nelson v. The State,* 130 Ala. 83; *Harbour v. The State,* 140 Ala. 183 ;*Smith v. The State,* 88 Ala. 73 This court will not review the exceptions to questions to the witness Murdock as he is not shown to have had any knowledge of the character of McCullum.—*Ross v. The State,* 139 Ala. 144; *Tolbert v. The State,* 87 Ala. 27. Charge 1 given for the state was good.—*Gilmore v. The State,* 126 Ala. 21. Charge 2 was good.—*Crawford v. The State,* 112 Ala. 1. Charge 3 was proper.—*Skipper v. The State,* 144 Ala. 100. On the above authorities charge 4 was proper. The court did not err in giving charge 5.—*Reese v. The State,* 135 Ala. 13. The charges refused to defendant were bad.—*Mitchell v. The State,* 132 Ala. 55; *Smith v. The State,* 130 Ala. 95.

DOWDELL, J.—The defendant was tried on an indictment for murder in the first degree, and was convicted of murder in the second degree, and sentenced to im-

prisonment in the penitentiary for a term of 40 years. As we understand the evidence in this case, there was but one difficulty between the defendant and the deceased. What is termed by counsel a previous difficulty was but the commencement of the one difficulty that ended in the tragedy. The defendant had words with one Walter White and the deceased, and walked rapidly away from them a short distance, about 100 yards, to a store, where he purchased a gun and returned in a few minutes, walking rapidly back to where the deceased was, and renewed the quarrel, and then shot the deceased. Clearly to our minds the difficulty in which the shooting occurred was but the continuation of what is termed the "prior difficulty," and, with the brief interval of time taken by the defendant within which to procure a gun, constituted but one transaction. There was no error committed in allowing the witness White to testify as to what occurred at the commencement of the difficulty.

There was no error in sustaining the state's objection to the question asked the witness Murdock as to the turbulent and bad character of the deceased. At the time this question was asked, the evidence had not shown that the defendant acted in self-defense, but tended to show that the defendant provoked the difficulty, or at least that he was at fault in bringing it on.

In the several written charges given at the request of the state no reversible error was committed.

Charge 33, refused to the defendant, ignores a willingness on the part of the defendant to engage in the difficulty. Moreover, the charge singles out one circumstance, when all the circumstances in the case must be considered, each in the light of the other, in determining whether the defendant was at fault in bringing on the difficulty, and it furthermore ignores the question of the defendant's belief in the imminency of peril.—*Mitchell v. State*, 133 Ala. 65, 32 South. 132.

[Lawson v. The State.]

Charge 34, if good, was substantially covered in other written charges given at the request of the defendant, and for this reason, if no other, its refusal was free from error.

Charge 35, requested by the defendant, while correct as an abstract proposition of law, yet in the light of the evidence in this case it was calculated to mislead, and was therefore properly refused.

Charge 36, requested by the defendant, is palpably erroneous, and was properly refused.

Reasonable doubt as to whether the killing was in self-defense does not entitle the defendant to an acquittal, and hence charge 37 was properly refused. Under the plea of self-defense, the burden of proof is on the defendant, and, unless the jury are satisfied from the evidence that the plea is sustained, the defense fails. A reasonable doubt as to whether the plea is sustained is not sufficient to justify an acquittal.

There was no evidence as to the deceased being a man of turbulent, dangerous, or bad character, and hence charges 38, requested by the defendant, was abstract, and for this reason, if no other, the court committed no error in refusing it.

Charges 39 and 40 were faulty in omitting to hypothesize a belief by the defendant in an imminency of peril, besides being in other respects bad, and were properly refused.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.