(100 South. 211)

### SCOTT v. STATE. (6 Div. 903.)

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

1. **Indictment and information** ⟾128 — **Indictment for murder not subject to demurrer for designating decedent by different names in each count.**

An indictment for murder was not subject to demurrer for misjoinder, though deceased was designated by different names in each count, without an allegation that her name was otherwise unknown.

2. **Criminal law** ⟾589(1)—**Jury** ⟾116—**Delay in drawing special venire held not grounds for quashing venire or for continuance.**

Acts 1919, p. 1039, amending Acts 1909, p. 319, § 32, as to drawing of special venire in capital cases, construed with Acts 1909, p. 317, § 29, and Const. 1901, § 6, entitling accused to speedy trial, does not contemplate that delay in drawing special venire shall be a ground for quashing venire, or for continuance, "as soon as practicable" being determined by trial judge in his discretion.

3. **Criminal law** ⟾589(1) — **Discretion not abused by denying continuance for delay in serving copy of indictment and list of jurors.**

Court did not abuse its discretion in denying a continuance in a murder prosecution for delay in serving defendant with a list of jurors and a copy of indictment under Acts 1919, p. 1041, where no motion was made or court's attention called to delay until presented by motions to continue and to quash venire.

4. **Jury** ⟾116—**Failure to serve defendant in murder prosecution with copy of indictment and list of jurors "forthwith" no ground for quashing venire.**

Failure to serve defendant in a murder prosecution with a copy of indictment and a list of jurors "forthwith," as required by Acts 1919, p. 1041, constituted no grounds for quashing venire.

5. **Criminal law** ⟾531(3)—**Defendant's statement as to reason for killing decedent held admissible as voluntary confession.**

Defendant's statement that he did not know why he shot deceased, unless it was the devil in him, was admissible as a voluntary confession, where deputy sheriff testified that it was made to him without threats or violence to defendant.

6. **Criminal law** ⟾736(2)—**Jury cannot inquire into competency of confession admitted in evidence by court.**

Defendant's requested charge that jury should disregard his confession if it was made

involuntarily was properly refused, since jury cannot inquire into competency of a confession admitted in evidence; their only duty being to determine its credibility and effect.

**7. Criminal law ⚪380—Defendant's good character not provable by specific acts or absence of convictions of crime.**

Defendant's good character cannot be proven by specific acts of merit nor by evidence that he has never been convicted of crime.

**8. Criminal law ⚪776(2)—Charge held to properly define purpose and probative effect of proof of good character.**

In a murder prosecution, court's charge that defendant had right to offer testimony of good general reputation for peace and quiet, that such evidence was entitled to such weight as jury thought it ought to receive in connection with other evidence, but that good character alone was not a defense, properly defined purpose and probative effect of proof of good character.

**9. Homicide ⚪354—Discretion of jury in fixing punishment for second degree stated.**

Jury's discretion as to imprisonment for murder in the second degree is subject to no other limitation than that it shall be not less than ten years, and they may fix punishment at imprisonment for life.

**10. Witnesses ⚪317(2)—Rule stated for consideration of witness' testimony found to be willfully and corruptly false on a material issue.**

If any witness willfully or intentionally or with corrupt motive or malicious intent testifies falsely as to any material issue, jury may disregard any or all of his testimony; but law does not authorize jury to disregard all of witness' testimony, because he has inadvertently testified untruly on account of mistake or oversight.

**11. Homicide ⚪286(1) — Requested charge that defendant could not be convicted if no intent to kill decedent held properly refused.**

In a murder prosecution, defendant's requested charge that if he had no intent to kill deceased he could not be convicted of murder or manslaughter in first degree was properly refused, since intentional firing of pistol at another may supply all legal elements of intent, however free action may be from actual purpose to kill.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Sam Scott was convicted of murder in the second degree, and appeals. Affirmed.

The indictment charges defendant with the killing, in the first count, of Mary Barnett, in the second, of Mary Burnett, and in the third of Mary Reynolds by shooting her with a pistol. The verdict fixed the penalty at, and the court sentenced defendant to serve, 30 years in the penitentiary.

Requested charges 4 and 22, refused to the defendant, are as follows:

"(4) If you believe from the evidence that the defendant had no intent to kill the deceased at the time she was shot, he could not be convicted of murder in either degree, nor of manslaughter in the first degree."

"(22) I charge you, gentlemen of the jury, that there is a confliction as to whether the confession adduced in the evidence was voluntary, and if you believe that the confession was made involuntarily you must disregard it."

Defendant excepted to these portions of the court's oral charge:

"Now, the defendant, on his behalf, has the right to offer testimony tending to show that previous to the homicide with which he is charged he bore a good general reputation in the community where he lived or worked, and also that he bore a good general reputation in that community for peace and quiet. Such evidence is competent legal evidence, and entitled to be given such weight as the jury think it ought to receive, in connection with the other evidence, in the question of determining the guilt or innocence of the accused. Of course, the law does not intend and does not mean that a man, even of previous good character, could be shielded by that good character alone, considered separate and apart from the other evidence in the case."

"If any witness in the case has willfully, or with corrupt motive or malicious intent, testified falsely as to any material issue in the case, the jury would have the right to disregard any part or all of such witness' testimony, as they deem proper. Observe, however, that the law does not say you may disregard all of the witness' testimony because that witness has inadvertently testified untruly on account of mistake or oversight, but it uses the word 'willfully,' 'intentionally.' "

"If a witness intentionally testifies falsely or with malicious motive or corrupt motive in regard to any material issue in the case, then, of course, that witness' testimony may be discarded in whole or in part, as the jury may deem consistent with the truth. That is true as to any and every witness in the case."

"If you find the defendant guilty of murder in the second degree, you would say, 'We, the jury, find the defendant guilty of murder in the second degree as charged in the second count of the indictment, and fix his punishment in the penitentiary for not less than ten years,' or it may be any greater number of years which the jury may, in their sound discretion, fix, or it may be life imprisonment in the penitentiary. You see there a wide range of punishment, the lowest being ten years in the pen itentiary, the highest being life imprisonment. That wide range of punishment is left to the sound discretion of the jury within the limits the law lays down. Any punishment, therefore, not less than ten years in the penitentiary, which you may deem proper to impose, it is left to the sound discretion of the jury."

Kenneth C. Charlton, of Birmingham, for appellant.

The venire should have been quashed and a continuance granted. Haisten v. State, 5

---

⚪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. App. 56, 59 South. 361; Dickerman v. Northern Trust Co., 176 U. S. 181, 20 Sup. Ct. 311, 44 L. Ed. 423; Walker v. State, 117 Ala. 85, 23 South. 670; Knowles v. Blue, 209 Ala. 27, 95 South. 481.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

There was no error in drawing venire. Linggold v. State, 10 Ala. App. 57, 65 South. 304; Acts 1909, p. 317, § 29; Milligan v. State, 208 Ala. 223, 94 South. 171. Defendant's confession was properly admitted. Braham v. State, 143 Ala. 28, 38 South. 919; Strickland v. State, 151 Ala. 31, 44 South. 90; Smith v. State, 142 Ala. 14, 39 South. 329; Jones v. State, 156 Ala. 175, 47 South. 100. Defendant may not prove good character by showing he has never been convicted of a crime involving moral turpitude. Patton v. State, 199 Ala. 180, 72 South. 401; James v. State, 14 Ala. App. 652, 72 South. 299; Charge 4 was bad. Anderson v. State, 18 Ala. App. 429, 93 South. 68.

BOULDIN, J. [1] An indictment for murder may identify the deceased by different names in separate counts, without an allegation that the name is otherwise unknown. Such indictment is not subject to demurrer for misjoinder. Ex parte State, 197 Ala. 419, 73 South. 35; Lowe v. State, 134 Ala. 154, 32 South. 273; Wooster v. State, 55 Ala. 217.

[2] The order setting day for trial and for the special venire was made on September 23d. The trial was set for October 2d. Motions to quash the venire and for a continuance of the cause made the point that the order was not made on the first day of the term of the court, nor as soon thereafter as practicable. The statute says:

"Whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter make an order commanding the sheriff to summon," etc. Acts 1919, pp. 1039, 1041.

This act is amendatory of section 32, Acts 1909, p. 319, which contained the above-quoted provision. The original act provided that the venire for the trial of the cause should include the jurors "drawn and summoned" for the week of the court the trial was set. The same statute provided for drawing of the regular jury only for the first week of the court prior to the beginning of the term of court. Acts 1909, § 15, p. 310.

In Harris v. State, 172 Ala. 413, 55 South. 609, we pointed out the impracticability of complying with these provisions of the statute when capital cases are set for a later week of the term.

The act of 1919, supra, struck out the word "summoned," thus making the regular jurors "drawn" for the week of the trial a part of the venire for the capital case. The effect was to make practicable the drawing of the regular jury and the special venire on the same day. The other provisions of the original statute remain, and the amended statute must be construed in connection therewith.

Section 29, Acts of 1909, p. 317, reads:

"It is hereby expressly declared to be the intent of the Legislature in the enactment of this law, to make the provisions hereof in the relation to the selection, drawing, summoning or impaneling of jurors directory merely and not mandatory. The jurors selected, drawn, summoned and impaneled under the provisions of this act, whether at an earlier or later day than required by this act, must and shall in all respects be deemed legal, and to possess in full, in every respect, power to perform all of the duties belonging to grand and petit jurors. And no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."

The requirement that jurors in capital cases be drawn the first day of the term evinces a legislative purpose for a prompt trial of these grave offenses. Behind it is the thought that swift and sure punishment makes the law a greater terror to evildoers, and that the law's delay encourages crime. The accused has also the constitutional right to a "speedy, public trial, by an impartial jury of the county or district in which the offense was committed." Const. 1901, § 6.

The right of the state or the defendant to move the court to set down the cause and draw the jury at the earliest practical date, and the remedy for abuse of discretion in failing so to do, are not questions now before us. It is safe to say the statute does not contemplate that such delay shall be ground for quashing a venire or continuing the cause, thus entailing further delay which the statute aims to avoid.

"As soon as practicable thereafter" must, in the nature of things, be determined by the trial judge, as a matter of judicial discretion. It appears in the case at bar that the presiding judge of the tenth circuit had ordered no capital causes set for trial prior to October 2d, because of a vast number of appealed cases and jail cases. Conditions may be such that the judges, seeking to administer the law in the most effective way, find it best to deal with conditions which may lead to the commission of the graver crimes.

[3, 4] Like motions were made on the ground that a list of the jurors and a copy of the indictment were not served on the defendant "forthwith," as required by the statute. Acts 1919, p. 1041. The list of jurors and copy of indictment were served four days after they were drawn and five days before the day set for trial. The court "must cause" the list of jurors and copy of indictment to be "forthwith served." It does not appear that any motion was made or the court's attention otherwise called to the delay until presented by motions to continue

and to quash the venire. This was no ground to quash the venire. The court did not abuse his discretion in refusing a postponement or continuance. Harris v. State, 203 Ala. 200, 82 South. 450; Savage v. State, 174 Ala. 94, 57 South. 469; Cain v. State, 16 Ala. App. 303, 77 South. 453.

[5] State witness Cunningham, a deputy sheriff, testified to a conversation with defendant in jail. As a predicate, the witness said:

"I did not offer him any violence or hope of reward, and did not tell him it would be better for him if he made a statement or worse if he did not make a statement, and no one in my presence or hearing did any of these things. That nobody threatened him or offered him violence or abuse in any way.

He then testified:

"I asked him why he shot Mary, and he said he didn't know unless it was the devil in him."

The court did not err in admitting this evidence as a voluntary confession. McQueen v. State, 94 Ala. 50, 10 South. 433; White v. State, 133 Ala. 122, 32 South. 139; Hamilton v. State, 147 Ala. 110, 41 South. 940; Burton v. State, 107 Ala. 108, 18 South. 284; Crain v. State, 166 Ala. 1, 52 South. 31.

[6] When a confession is admitted in evidence by the court, it is not within the province of the jury to inquire into its competency. Their only duty is to determine its credibility and effect. They cannot reject it as inadmissible. Charge 22, requested for defendant, was therefore properly refused. Washington v. State, 53 Ala. 29; Curry v. State, 203 Ala. 239, 82 South. 489; 4 Michie's Dig. p. 326, § 490 (2); 16 C. J. 1003, § 2421.

[7] The good character of defendant cannot be proven by specific acts of merit, nor by evidence that he has never been convicted of crime. Patton v. State, 197 Ala. 180, 72 South. 401; James v. State, 14 Ala. App. 652, 72 South. 299; Cauley v. State, 92 Ala. 71, 9 South. 456; 4 Michie's Dig. p. 157, § 230; note, 14 L. R. A. (N. S.) 691; Underhill on Crim. Ev. § 245.

[8] The purpose and probative effect of proof of good character of defendant was properly defined in the court's oral charge. Armor v. State, 63 Ala. 173; Hussey v. State, 87 Ala. 121, 6 South. 420; note, 20 L. R. A. 614.

[9] "Any person who is guilty of murder in the second degree must, on conviction, be imprisoned in the penitentiary for not less than ten years, at the discretion of the jury." The discretion of the jury as to the term of imprisonment is subject to no other limitation than that it shall be not less than ten years. They may, when in their opinion the facts require it, fix the punishment on a conviction of murder in the second degree at im-

prisonment for life. The court's oral charge to that effect was free from error. Miller v. State, 54 Ala. 155; Paine v. State, 89 Ala. 27, 8 South. 133.

[10] The rule for the consideration of the testimony of a witness whose testimony is found to be willfully and corruptly false on a material issue was correctly defined in the oral charge of the court. Cunningham v. State, 14 Ala. App. 1, 69 South. 982.

[11] The intentional firing of a pistol at the person of another, whereby death ensues, may be murder or manslaughter in the first degree, although there was no intent to kill, but merely to frighten the deceased. The intentional doing of an act so greatly dangerous to human life may supply all the legal elements of intent, however free the action may be from actual purpose to kill. Charge No. 4 was properly refused. Bailey v. State, 133 Ala. 155, 32 South. 57; Fowler v. State, 161 Ala. 1, 49 South. 788; Lewis v. State, 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75; Lawson v. State, 155 Ala. 44, 46 South. 259; 29 C. J. p. 1295, § 69, page 1119, § 106, page 1128, § 116.

The court's oral charge correctly and fully stated the law on all phases of the case. We have examined other refused charges, and find that, so far as they are correct statements of the law of the case, they were covered by the oral charge or given charges. A detailed discussion is not deemed helpful.

We find no reversible error in other rulings upon evidence.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.