(103 So. 458)

### JENKINS v. STATE. (8 Div. 662.)

(Supreme Court of Alabama. March 19, 1925.)

**1. Jury ⬤⟹116—Delay in serving list of veniremen on defendant not ground for quashing venire.**

Delay of seven days in serving list of veniremen on defendant *held* not ground for quashing venire, even if prejudicial.

**2. Criminal law ⬤⟹364(5)—Defendant's declarations after shooting that pistol was fired accidentally, and that he would get doctor, held not res gestæ.**

In murder prosecution, defendant's declarations, some moments after shooting, that pistol was fired accidentally, and that he would get doctor, *held* not res gestæ, but mere self-serving declarations.

**3. Criminal law ⬤⟹450—Defendant's testimony that he did not intentionally fire pistol inadmissible.**

In murder prosecution, it was not competent for defendant to testify that he did not intentionally fire pistol; intention being matter

of inference for jury from pertinent evidence before them.

**4. Homicide ⬤⟹163(1)—Question, not limiting inquiry as to defendant's reputation to period preceding homicide, properly excluded.**

Question, not limiting inquiry as to defendant's reputation for peace and quiet in community in which he lived to period preceding commission of homicide, *held* properly excluded.

**5. Criminal law ⬤⟹450 — Testimony as to whether defendant's movement in pulling pistol from pocket was like bluff incompetent.**

In homicide prosecution, testimony as to whether defendant's movement in pulling pistol from pocket was anything like a bluff was incompetent.

**6. Criminal law ⬤⟹829(1)—Charges fully covered by oral charges properly refused.**

Charges fully covered by oral charges or other requested given charges are properly refused.

**7. Criminal law ⬤⟹830 — Charges containing words so misspelled as to be unintelligible properly refused.**

Charges containing words so misspelled as to be unintelligible are properly refused.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Willie Jenkins was convicted for murder in the first degree, and he appeals. Affirmed.

The special venire was drawn on March 26, and the copy thereof was served on defendant on April 2 following. He moved to quash the venire because the copy was not served on him forthwith, which motion was overruled.

The testimony for the state tended to show that the deceased was engaged in a crap game with defendant and others; that deceased had won 15 cents from defendant three times; that the third time defendant said to deceased, "You didn't win, put that money down;" and thereupon defendant drew his pistol and shot deceased.

The questions presented on rulings on the evidence, and on instructions refused, are sufficiently stated in the opinion.

W. S. Sherrill, of Athens, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The motion to quash the venire was properly overruled. Scott v. State, 211 Ala. 270, 100 So. 211; Satterfield v. State, ante, p. 349, 102 So. 691. Defendant's declarations that the shot was fired accidentally, and that he would get a doctor, were inadmissible.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Maddox v. State, 159 Ala. 53, 48 So. 689; 1 Mayfield's Dig. 263. Evidence of general good character must have reference to a time before the act complained of. Brown v. State, 46 Ala. 175.

SOMERVILLE, J. [1] It does not appear that the delay in serving on defendant a list of the veniremen was in any way prejudicial, and even if it had been it was not a ground for quashing the venire. Scott v. State, 211 Ala. 270, 100 So. 211 (3).

[2] The trial court properly refused to allow testimony to the effect that after the shooting defendant declared that the pistol was fired accidentally. According to all the testimony, this declaration was made some moments after the event. It was clearly a narrative of a past occurrence, and was in no sense a part of the res gestæ of the killing, but merely a self-serving declaration in the strictest sense of the word. Nelson v. State, 130 Ala. 83, 30 So. 728; Maddox v. State, 159 Ala. 53, 48 So. 689. And whatever time may have been required by the witness—who testified that between the shooting and defendant's alleged declaration witness had walked 15 or 20 steps—to walk 20 or 40 steps, it would have had no effect on the inadmissibility of the declaration.

So, also, for the same reason, the trial court properly excluded testimony from the witness that he heard defendant say, after the shooting, that he would get the doctor.

[3] It was not competent for defendant to testify that he did not intentionally fire the pistol. The matter of intention rested in inference, and was for the jury to determine from the pertinent evidence before them. The question was properly excluded. We notice, however, that defendant was in fact allowed to say, in substance and effect, that the shooting was wholly unintentional.

[4] In offering to show the reputation of defendant for peace and quiet in the community in which he lived, the inquiry should have been directed and limited to the period preceding the commission of the homicide. Brown v. State, 46 Ala. 175; Smith v. State, 197 Ala. 193 (7), 72 So. 316. The question propounded for that purpose was not thus limited, and it was therefore properly excluded.

[5] It was not competent for defendant's witness to state whether, when defendant pulled the pistol out of his pocket, the movement "was anything like a bluff or anything."

[6, 7] We have examined all of the charges refused to defendant, and find that in so far as they stated correct propositions of law they were fully covered by the oral charge or by other requested given charges. Some were plainly bad, and several contained words so misspelled as to be unintelligible.

Defendant has no cause for complaint in the matter of instructions to the jury.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.