22 So.2d 610

**BRYANT v. STATE.**

**8 Div. 312.**

Supreme Court of Alabama.

June 21, 1945.

Russell W. Lynne, of Decatur, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BROWN, Justice.

In a rencounter with Roy Blankenship, the appellant Sam Bryant inflicted upon said Blankenship several stab wounds with a pocket knife, the blade of which was 2¼ inches long, from which wounds said Blankenship died while he was being carried to the hospital in Decatur, Alabama.

The rencounter occurred on October 7, 1944, on the "Old Valhermosso Road" in Morgan County, which runs east and west, and is now an improved highway. The house of Clayton Blankenship, which was also the home of the defendant Bryant, is immediately south of the highway at the point where the killing occurred. Slightly west of the point where the difficulty started, an old unimproved road turns to the north off the highway, and at the point where the unimproved country road turns off of the highway is a mud hole, in which the truck of Donald Simms was stalled, said Simms having been to Decatur and was returning to his home when he ran into the mud hole and got stuck. Immediately following this truck was the truck of Rube Davis, who had also been to Decatur and was carrying several persons in his truck. Davis parked his truck immediately east of the stalled truck of Simms and he and Roy Blankenship, who was with Davis in the Davis truck, got out to assist Simms in getting back on the highway, and, as the evidence for the state goes to show, did get said truck out of the mud hole on to the highway. Davis, who was driving his truck, and Blankenship returned to said truck to proceed on their journey, when the defendant approached Blankenship and provoked the difficulty. Blankenship fell mortally wounded on the opposite side of the road just in front of Clayton Blankenship's house, was removed from this point to a truck which started with him to the hospital, and he died on the way.

The defendant offered evidence tending to show that after Simms' truck became stalled and Davis with his truck had arrived, defendant went back into the house where he lived at Clayton Blankenship's, changed his clothes and put on a different pair of trousers and a shirt and came out to aid Simms in getting out of the mud hole, and soon after he returned to the point on the highway where the Davis truck parked, he was attacked by Roy Blankenship and they fought across the road into the entrance of the yard to the Clayton Blankenship home, and as said Roy Blankenship was attempting to assault defendant with a limestone rock in his hand, defendant stabbed Blankenship, with the results above indicated.

■ There were slight tendencies in the evidence that some part of the difficulty and fight occurred in the edge of the yard of the Clayton Blankenship house. The defendant on the trial offered to show by one or more witnesses that fire arms were kept in the Clayton Blankenship home available to him, and which he could have procured, but did not. This evidence was objected to and the court sustained the objection without error. It was clearly immaterial.

Evidence was offered by both the state and the defendant showing threats made by the deceased and the defendant, tending to show that bad blood existed between them.

We have examined the numerous rulings on the evidence and find nothing further that warrants treatment. The court in the oral charge to the jury and in the charges given as requested by the defendant was very liberal to the defendant, and the court's oral charge as well as the written charges given, covered every phase of the law applicable to the case presented by the evidence. The case was one for jury decision.

■ We have examined the several refused charges requested by the defendant and find that they were covered by the oral charge of the court and the charges given at defendant's request, or were argumentative, omissive, or unsound in state-

ment of the law. No error was committed in refusing any one of said charges. Further special treatment of said charges is not required. Scott v. State, 211 Ala. 270, 100 So. 211.

There was evidence which if ·believed beyond a reasonable doubt by the jury clearly warranted the conclusion expressed in the verdict.

We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and STAKELY, JJ., concur.