35 So.2d 567

**WILLIAMS v. STATE.**

7 Div. 939.

Supreme Court of Alabama.

May 13, 1948.

Ben F. Ray, of Birmingham, and A. L. Crumpton, of Ashland, for petitioner.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., opposed.

550

SIMPSON, Justice.

Petitioner was a police officer of Lineville, Alabama, and was convicted of manslaughter in the first degree and sentenced to five years imprisonment.

On rehearing, the Court of Appeals sustained the trial court in all rulings and affirmed the judgment of conviction.

The propositions argued here for a reversal of the opinion and judgment of the Court of Appeals are that that court erred in affirming the trial court in refusing Charges B and 20 requested by defendant, and in affirming the ruling of the trial court in sustaining objections to the following questions propounded by defendant to his character witnesses:

(1) "Mr. Bell I will ask you if you know or think you know Mr. Williams' reputation as a police officer in Lineville from the time he was a policeman?"

(2) "I will ask you to state whether or not he has made a good, efficient, capable and kind police officer from the time he has been working there."

(3) "Do you know, or think you know his character as a policeman there during the time he has been on the police force in Lineville?"

We concur in the rehearing opinion of the Court of Appeals as to the propositions here sought to be reviewed.

■ The two charges ignored the theory of the State's case and the evidence bearing thereon and, as observed in the opinion of the Court of Appeals, they were invasive of the province of the jury and correctly refused. ·

■ As to the remaining insistence, the questions propounded to the defendant's character witnesses were clearly improper under the rule that, in offering to prove the general reputation or character of the defendant or his reputation or character as a police officer in Lineville during his incumbency as such, the inquiry should have been directed and limited to the period preceding the alleged crime. Jenkins v. State, 212 Ala. 484, 103 So. 458; Smith v. State, 197 Ala. 193, 72 So. 316; Brown v. State, 46 Ala. 175.

■ The Court of Appeals found as a fact that the questions seeking to elicit such proof were not so limited and held that objections thereto were properly sustained. This court does not review that court on its conclusions of fact and, of consequence, also affirms this holding. Bruner v. Eubanks, ante, p. 100, 33 So.2d 376; Southeastern Const. Co. v. Robbins, 248 Ala. 367, 27 So.2d 705.

■ One further comment is appropriate. The opinion of the Court of Appeals indicated approval of the second question marked (2) above, had the inquiry been thus limited, but we think under either aspect the question called for incompetent and illegal testimony. Its effect was an attempt to prove reputation by evidence of specific conduct, which is not permissible. Character or reputation, whether good or bad, cannot be proven by specific acts or conduct, but only by evidence of general repute. Scott v. State, 211 Ala. 270, 100 So. 211; Jackson v. State, 147 Ala. 699, 41 So. 178; Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L.R.A. 301; Vinson v. State, 247 Ala. 22, 22 So.2d 344; Mullins v. State, 31 Ala.App. 571, 19 So.2d 845; Sexton v. State, 13 Ala.App. 84, 69 So. 341, certiorari denied 195 Ala. 697, 70 So. 1014.

The judgment must be affirmed.

Affirmed.

All the Justices concur.