79 So.2d 558

Bessie Lee HAYDEN

v.

STATE.

8 Div. 771.

Supreme Court of Alabama.

April 14, 1955.

Bruce Sherrill, Athens, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant, Bessie Lee Hayden, was indicted and tried for the offense of murder in the first degree, the indictment charging that she "unlawfully and with malice aforethought, killed Arthur Garner, alias Arthur Johnson, by shooting him with a gun or pistol against the peace and dignity of the State of Alabama."

She entered a formal plea of "not guilty" under which she sought to prove self-defense as a justification for the shooting. The jury found her guilty of murder in the second degree and fixed her punishment at 25 years in the penitentiary. Sentence was passed in accordance with the jury verdict.

It is undisputed that the defendant shot deceased a number of times in a series of three separate and distinct shootings. The first was in the house in which both parties lived. Defendant testified that at the time of the first shooting the deceased, after cursing her and threatening to kill her, started towards deceased's shotgun which was standing against the wall a few feet from deceased. She shot him at least twice at that time while deceased was going towards his gun. The deceased then ran out of the house and very shortly thereafter attempted to regain entrance through a latched door. Defendant shot at him at least once through the door. It is not clear from the evidence whether deceased was hit by this shot. However, fom the location of the bullet hole in the door and the number of bullet wounds later found on the body of deceased, the jury might reasonably have inferred that this was one of the shots that hit him. Deceased then went outside the house and sat on the edge of a ditch. The defendant then came out of the house to where deceased was sitting and there shot him at least twice more.

The deceased was taken to a hospital and died about two and a half months later. Although it seems clear from the evidence that the several shots were responsible for the complications finally resulting in decedent's death, there was no evidence tending to single out any particular shot or shots as the exclusive contributing cause.

On defendant's direct examination she was asked whether the deceased had ever threatened her prior to this difficulty. The state's objection to the question was sustained, the trial court stating: "So that you may know, I am sustaining that because there is no evidence of self-defense." While it may be that there was no evidence of self-defense with respect to the last shooting when considered alone, we nevertheless think there was sufficient evidence of self-defense with respect to the other two shootings to warrant admission of evidence of prior threats made by deceased against appellant. It is to be noted that the evidence does not establish that it was the last shooting which alone caused the death. There seems no way, in the state of the evidence with respect to the cause of death, to divide the cause so as to justify exclusion of evidence of prior threats with respect to the first two incidents of shooting. We think the defendant was entitled to show such prior threats made against her by deceased and are unwilling to say that the exclusion of such evidence was "error without injury" and did not probably injuriously

affect substantial rights of the defendant. Rule 45, Rules of Practice in the Supreme Court, Code 1940, Tit. 7, Appendix.

■ The general rule is that evidence of prior threats is inadmissible prior to the introduction of some proof of self-defense, but we do not think that rule applies to the circumstances of this case. Sanders v. State, 242 Ala. 532, 534, 7 So.2d 483; Dunn v. State, 143 Ala. 67, 71, 39 So. 147. It is our view that the evidence of prior threats should have been admitted for consideration by the jury. The applicable principle is thus stated in Turner v. State, 160 Ala. 40, 43, 49 So. 828, 829:

"It is the well-settled rule in this jurisdiction, in cases of this character, and where the testimony tends to show self-defense, that threats made against the defendant by the deceased are competent, as evidence, to enlighten the jury trying the case upon the question of who was probably the assailant; and, as was said in the case of Roberts v. State, 68 Ala. 156, 168: 'Whether * * * threats, taken in connection with the circumstances of the affray leading to and accompanying the killing, are sufficient to justify the act of homicide, is a question of fact for the jury, and it is not permissible for the court to determine it as matter of law. They cannot be excluded if there is the slightest evidence tending to prove a hostile demonstration, which can be reasonably interpreted as placing the accused, at the time of the killing, in apparent imminent danger to life or of other grievous bodily harm.'"

The following cases are to the same effect: McGuff v. State, 248 Ala. 259, 267, 27 So.2d 241; Beasley v. State, 181 Ala. 28, 32, 33, 61 So. 259.

■ Insistence is made that error was committed in sustaining the state's objections to questions seeking to establish defendant's general reputation for "peace and quiet" in the community in which she lived. There was no error in these rulings since the questions asked the witnesses were not limited to the time preceding the commis-

sion of the offense for which defendant was being tried. Jenkins v. State, 212 Ala. 484, 485, 103 So. 458; Smith v. State, 197 Ala. 193, 198, 72 So. 316; Williams v. State, 33 Ala.App. 304, 35 So.2d 562, 566, affirmed, 250 Ala. 549, 35 So.2d 567.

It follows, from what we have said, that the judgment of conviction is due to be reversed and the cause remanded. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.