# Thomas v. The State.

*Indictment for Malicious Killing of Cattle.*

1. *Indictment; joinder of offenses in same count; variance.*—Under the statute (Code, § 4385), offenses of the same character, and subject to the same punishment, may be joined in the same count in the alternative; but when an indictment contains but a single count, charging a single offense, and the evidence in support of it shows the commission of two separate and distinct offenses, there is a fatal variance between the averment and proof which precludes a conviction.

2. *Same; same; malicious killing of cattle.*—Where an indictment containing but a single count charges in the conjunctive that the defendant maliciously killed an ox and a cow, the property of the same person, and the evidence shows that each animal was killed separately and at a different time, there is a fatal variance which authorizes the defendant's acquittal.

3. *Joinder of offenses in same count of indictment; election.*—Where, on a trial under an indictment charging in a single count that the defendant maliciously killed an ox and a cow, the property of the same person, and the evidence shows that each animal was killed separately and at a different time, the election of the prosecuting attorney to prosecute for the killing of only one of the animals does not change the nature and character of the indictment, nor cure its defect, as disclosed by the evidence, so as to authorize a conviction.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WILLIAM H. PARKS.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment Simon Thomas unlawfully and maliciously killed one ox of the value of twenty dollars and one cow of the value of

twenty dollars, the personal property of Tom Orr, against the peace and dignity of the State.of Alabama."

The solicitor elected to prosecute for the killing of the cow charged in the indictment. The facts necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The court charges the jury that if the State has failed to prove that the cow and ox were injured or shot at the same time, or so near to each other as to constitute the same offense, then the defendant is not guilty as charged in the indictment." (2.) "If the jury believe from the evidence in this case that the cow was shot on Thursday and the ox was shot on Tuesday of the next week, they should acquit the defendant." (4.) "If the jury believe from the evidence that the cow was shot on Thursday and the ox was shot on Tuesday of the following week, then the defendant is not guilty as charged in the indictment."

R. L. HARMON, for appellant.—The indictment in this case, charging but one offense, and the evidence showing the commission of two separate and distinct crimes, the charges requested by the defendant shoul l have been given.—*Burgess v. State*, 44 Ala. 190 ; *Elliott v. State*, 26 Ala. 78 ; *McGehee v. State*, 58 Ala. 360.

It can not now be questioned but that, if the indictment had been so framed as to show on its face, that two separate and distinct offenses were charged, it would have been subject to demurrer on motion to quash for the reason that it would have been bad for duplicity.—1 Bishop on Crim. Proced., § 189 ; *Hill v. The State*, 17 S. R. 375 (Miss.) ; *State v. Howe*, 1 Rich. 260. This is not a case where an election can be had. Where an indictment in several counts, or disjunctively in the same count, charges more offenses than one, the court on motion will compel the prosecution to elect for which offense he shall seek conviction.—*Peacher v. State*, 61 Ala. 22 ; 3 Brick. Dig. 268, § 242. *et seq.* If there had been more than one count in this indictment, the solicitor, by leave of the court, could have elected to *nol pros.* on one count, and prosecute under the remaining count; and

the same rule would apply where, in the same count, the offenses are alternately stated, because each separate alternative charge in such case, must contain substantive facts with that degree of certainty which the statute requires.—3 Brick. Dig. 281, §§ 486, 487. But this can not be done, when the offenses are conjointly charged. 3 Brick. Dig. 281, § 469-472; *Gregory v. State*, 46 Ala. 151; *Johnson v. State*, 46 Ala. 212; *Reynolds v. State*, 92 Ala. 44; *Stone v. State*, 105 Ala. 60.

WM. C. FITTS, Attorney-General, for the State.—1. The indictment was for the killing of both the cow and the ox, and the evidence of the killing of each was properly admitted under the issue presented by the indictment, until the close of the evidence which was the proper time for election. Certainly, under the indictment in its present form, averring, as it does, injury to two animals, a conviction could be had for an injury to one only; "the rule being, that allegations as to the extent of the property, which is the subject of the offense, are divisible, and that a variance as to the number is immaterial, unless the number stated constitutes the essense of the offense."—*Busby v. State*, 77 Ala. 67; Wharton's Crim. Ev., §§ 125-132.

Charges 1 and 4 asked by the defendant, and which are really the only ones worthy of notice, go to this same point, and were properly refused.—*Busby v. State*, 77 Ala. 67; *Wooster v. State*, 55 Ala. 217; *Bass v. State*, 63 Ala. 108; *Jackson v. State*, 95 Ala. 17; Wharton's Crim. Evidence, §§ 125-132.

BRICKELL, C. J.—It was an elementary principle of the common law, that a count in an indictment charging two distinct offenses was vicious; it was double pleading. Under proper circumstances, in separate counts, there could be a joinder of two or more distinct offenses. The rule prevailing in this State is, that when the offenses are of the same general nature and belong to the same family of crimes, if the mode of trial and nature of the punishments are the same, there may be a joinder of them in separate counts, though they are punishable with different degrees of severity.—1 Brick. Dig. 500, § 750; 3 Brick. Dig. 281, § 474.

The statute, (Cr. Code, § 4385), provides, that "when

[Thomas v. The State.]

offenses are of the same character, and subject to the same punishment, the defendant may be charged with either in the same count in the alternative." The purpose of the statute is to dispense with a multiplicity of counts, permitting one, by alternative averment of different offenses to serve the purposes of several.—*Burdine v. State*, 25 Ala. 60; *Sherrod v. Sherrod*, Ib. 78; *Horton v. State*, 53 Ala. 488; *Noble v. State*, 59 Ala. 78.

The present indictment contains a single count, charging a single offense, the unlawful, malicious killing of a cow and of an ox, the property of the same person. Upon its face it is faultless, not subject to demurrer. The evidence in support of it showed that the animals were killed at different times, several days intervening between the killing of the cow and the killing of the ox. If the indictment had on its face disclosed these facts, it would have been vicious for duplicity under the rule of the common law; and as there are not alternative averments of several offenses, it is not within the statute.

In *Elliott v. State*, 26 Ala. 78-81, it was said by the court: "However unobjectionable on its face an indictment may be, a conviction under it cannot lawfully result from proof of the identical facts which would, if distinctly stated in it, vitiate the indictment, and enable the defendants, even after conviction, to arrest or reverse any judgment rendered on it against them." In *McGehee v. State*, 58 Ala. 360, said STONE, J.: "If it had been averred in this indictment that the two defendants had committed separate and distincts offenses, at different times—neither being present or participating in the offense of the other—a demurrer to the indictment would have lain, notwithstanding the two charges are identical in character. This, on the well defined ground, that on such trial, it would be necessary to offer proof of two independent transactions, thus producing inextricable confusion of the minds of the jurors. * * * On like principles, if two offenders be charged in one indictment, which is faultless in form, and it is developed in the evidence that the two defendants committed their several offenses at different times or places—in other words, that they are not guilty of one and the same offense—the proof does not sustain the indictment." The particular question now presented for consideration, was presented and decided in *Burgess v. State*, 44 Ala. 190;

an indictment founded on the same statute on which the present indictment is founded, for malicious mischief, the offense consisting of the unlawful disabling and injuring a mare and an ox.—Cr. Code, § 3869. The evidence showed that the animals were injured at different times. The court said : ''If these animals had been separately disabled or injured, it should have been so charged in separate counts in the indictment, else much confusion may arise in such cases. The injury to the mare was one offense and the injury to the ox was another, unless perhaps the injury to both was the result of one act. The indictment is not demurrable, because the act which constitutes the crime may be committed as charged—that is, the two animals may be injured at the same time and by one act. But if it is so alleged, it must be so proven. The plea in answer to such an accusation is that the accused is not guilty as charged in the indictment. It is not that he has not violated the statute in any manner, but that he has not violated it as set forth in the accusation. If this is not required, then an indictment charging that a person with criminal intent, had violated a particular section of the penal law would be sufficient. But this would be a departure from the forms laid down in the Code, and also the important rule of criminal procedure above quoted. * * * The animals injured were different animals, and the injury to each is a different offense, and though such offenses may be joined in the same count, as they are of the same grade, yet if both offenses are charged in the same count, they should be charged in the alternative.''

The election of the solicitor, under the direction of the court, to prosecute for the killing of the cow only, it may be, would have been unobjectionable, if there had been separate counts charging the killing of each animal, or, if in a single count, the several killings had been laid in the alternative. The election could not change the nature and character of the indictment, as it was disclosed by the evidence ; that instead of charging a single offense, under the guise of such charge, it was a charge of two distinct offenses. In civil and criminal cases, the substance of the issue must be proved ; and any departure in the evidence from the substance is a fatal variance.—1 Greenl. Ev., § 63. Evidence of a separate; distinct killing of each animal, was a depar-

[Barnes v. The State.]

ture from the substance of the issue; a fatal variance. The court below erred in the refusal of the first, second, and fourth instructions requested by the defendant. This conclusion renders unnecessary a consideration of other questions presented by the bill of exceptions.

The judgment is reversed and cause remanded. The defendant will remain in custody until discharged by due course of law.

