# Lewis *et al*, *v.* The State.

*Maintaining Criminal Boycott.*

(Decided April 4, 1912.   58 South. 802.)

1. *Indictment and Information; Charging Two Offenses.*—An indictment which charges two distinct offenses in one count is bad.

2. *Same; Several Offenses.*—Several offenses may be charged in the same indictment in separate counts if they are of the same general nature, and the mode of the trial and general nature of the punishment is the same, although the offenses charged may be punishable differently.

3. *Same; Affidavit; Two Offenses.*—The rule that distinct offenses cannot be charged in the same count of an indictment applies as well where the prosecution is begun by affidavit.

4. *Same.*—The affidavit in this case examined and held demurrable because joining offenses under Section 6394 with offenses under Section 6397, Code 1907, without alleging the offenses in the alternative as provided for in Section 7151, Code 1907.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

William Lewis and others were convicted of maintaining a criminal boycott, and they appeal. Reversed and remanded.

The affidavit is as follows (after the usual heading) : "Before me, S. L. Weaver, associate judge of the criminal court in and for said county, personally appeared William H. Stanley, who, being duly sworn, deposes and says that Jim Holston, Morgan Slaughterer, Henry Gray, Walter Clingscales, William Lewis, William Bennett, Newt Nelms, P· W. Wallace, whose name is otherwise unknown to affiant, and Kidd Glenn, whose name is otherwise unknown, within 12 months before making this affidavit, in said county, did conspire together for the purpose of preventing William H. Stanley from carrying on the lawful business in the state of Alabama of contracting plastering or for the purpose

of interfering with the said William H. Stanley in carrying on the lawful business in the state of Alabama of contracting plastering, and affiant further says that within 12 months before making this affidavit, in said county, the said [naming them as above] did use force, threats, or other means of intimidation to prevent Richard Clark from engaging in his lawful occupation of plastering at any place he saw fit. Said other means of intimidation consisted in this: That defendants, or some of them, notified, ordered, or warned the said Richard Clark not to work for one William H. Stanley, who had a contract for plastering and was engaged in the business of contract plastering, against the peace and dignity," etc.

FRANK S. WHITE & SONS, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Demurrers and motion to strike were properly overruled.— Section 6394, 6397, 6399, and 7151, Code 1907; *Sims v. The State*, 135 Ala. 61; *McClellan v. The State*, 118 Ala. 123. The members were guilty of conspiracy—*Davis v. Zimmerman*, 98 N. Y. Sup. 489; 8 Cyc. 638.

DE GRAFFENRIED, J.—This prosecution was commenced by an affidavit which the reporter will set out in his statement of the facts of this case. An inspection of the affidavit will show that the defendants were charged in the affidavit with the commission of two offenses which are of the same character and subject to the same punishment in the alternative, and also with another and distinct offense which is not charged in the alternative. The offenses charged in the alternative are for a violation of section 6394 of the Code, and the of-

fense which is joined in the affidavit, *not in the alterna-tive,* is for a violation of section 6397 of the Code.· The most casual inspection of the affidavit upon which the defendants were tried and convicted will disclose this situation. The defendants properly demurred to the affidavit, but the court overruled their demurrer, and the question thus presented is the only one which it is necessary for us to consider in this case.

To use the language of Brickell, C. J.: "It was an elementary principle of the common law that a count in an indictment charging two distinct offenses was vicious; it was double pleading. Under proper circumstances in separate counts, there could be a joinder of two or more distinct offenses. The rule prevailing in this state is that, when the offenses are of the same general nature and belong to the same family of crimes, if the mode of trial and nature of the punishments are the same, there may be a joinder of them in separate counts, though they are punishable with different degrees of severity." —*Thomas v. State,* 111 Ala. 51, 20 South. 617. Section 7151 of the present Code provides that, when offenses are of the same character and subject to the same punishment, a defendant may be charged with the commission of either in the same count in the alternative. "The purpose of this statute is to dispense with a multiplicity of counts, permitting one, by alternative averments of different offenses, to serve the purposes of several." —*Thomas v. State, supra.*

While the prosecution in this case was instituted by affidavit instead of by indictment, we know of no rule which exempts such an affidavit from the operation of the rule declared in *Thomas v. State, supra.*

In our opinion, therefore, the demurrer to the affidavit upon the ground above referred to was well taken, and the court erred in overruling the demurrer of the de-

fendants to the affidavit or complaint for the above reasons.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.