(84 South. 627)

JONES v. STATE. (6 Div. 574.)

(Court of Appeals of Alabama. Dec. 16, 1919.)

1. CRIMINAL LAW ⬤⟳1106(2) — FAILURE TO FILE TRANSCRIPT UNTIL YEAR AFTER TRIAL IMPROPER.

Under Bill of Rights, § 6, providing for a speedy trial, officers and parties having in charge the perfecting of appeals in criminal cases should act with promptness, and a delay of nearly 1 year in filing a short transcript of the record, during which time accused was confined in the county jail without receiving credit on his sentence, is unpardonable.

2. INDICTMENT AND INFORMATION ⬤⟳129(1)— COUNTS CHARGING ASSAULT TO MURDER AND SHOOTING INTO PASSSENGER VEHICLE MAY BE JOINED.

In view of Code 1907, § 7151, permitting offenses of the same character and subject to the same punishment to be charged in the same

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

count, charges of assault with intent to kill two different persons, and of shooting into an automobile for the carrying of passengers and shooting into a vehicle loaded with passengers, which under Code 1907, §§ 6304, 7675, are felonies and of the same nature, growing out of the same act, for which the mode of trial and nature of punishment are the same, can be joined in separate counts, though punishable with different degrees of severity.

3. CRIMINAL LAW ☞1090(14), 1122(5)—REFUSAL OF REQUESTS CANNOT BE REVIEWED IN ABSENCE OF BILL OF EXCEPTIONS AND ORAL CHARGE.

The refusal of requested written charges cannot be reviewed, in the absence of a bill of exceptions and the oral charge of, the court.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

George Jones, alias Panic, was convicted under an indictment charging as follows: First count, assault with intent to murder Jim Betts; second, assault with intent to murder W. L. Gresham; third, shooting at or into an automobile for the carrying of passengers; fourth, shooting at or into a vehicle, a passenger automobile, which was at the time loaded with passengers. The demurrers raised the question of misjoinder and charging two or more separate offenses, and charging offenses punishable differently. From a conviction and sentence to serve 12 years he appealed. Affirmed.

Frank S. Andress, of Birmingham, for appellant.

No brief reached the Reporter.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The demurrers were properly overruled. 92 Ala. 1, 9 South. 613; 29 Ala. 62; 33 Ala. 389; 4 Ala. App. 441, 58 South. 667; 111 Ala. 51, 20 South. 617; 37 Ala. 152; 144 Ala. 63, 39 South. 821, 3 L. R. A. (N. S.) 412. In the absence of a bill of exceptions and the oral charge of the court, this court will not review charges refused the defendant. 10 Ala. App. 85, 65 South. 262; 200 Ala. 656, 77 South. 30.

BRICKEN, P. J. At the July, 1918, term of the grand jury for Jefferson county an indictment was preferred against this defendant, each of the four counts charging the defendant with the commission of a felony. Code 1907, §§ 6309, 7675. The indictment was filed in open court on September 18, 1918. Trial was had and judgment of conviction rendered on November 13, 1918. On December 18, 1918, the defendant was duly sentenced by the court to 12 years' imprisonment in the penitentiary, and on that date an ap-

peal was taken from the judgment of conviction to this court.

[1] The transcript containing only the record proper, there being no bill of exceptions, was not filed in this court until November 24, 1919, or nearly a whole year from the date of sentence and appeal. These facts disclose to the minds of this court an unpardonable delay and an inexcusable dereliction in the matter of perfecting this appeal. The defendant, not being entitled to bail pending the appeal (the sentence imposed being for more than 5 years) under suspension of sentence, has during all this time been imprisoned in the county jail, at the expense of the state, and without benefit to him.

Section 6 of the Bill of Rights (article 1, Const. 1901) provides, " * * * In all prosecutions by indictment, a speedy public trial" shall be had. And in the appellate courts an appeal in a state case is designated and treated as a preferred case; the necessity therefor being apparent.

In the instant case the record is very short, and ordinarily could have been prepared in an hour's time. Officers and parties having in charge the perfecting of appeals in criminal cases should act with promptness, thereby averting on the one hand the expense to the state of subsisting for longer than need be the prisoner in confinement; but more important still the accused, either in cases of affirmance or reversal will not be required to suffer imprisonment unduly.

[2] We have examined the record here, and find it free from error. The demurrers to the indictment were properly overruled. Johnson v. State, 29 Ala. 62; 65 Am. Dec. 383; Henry v. State, 33 Ala. 389. The offenses charged in the indictment are of the same general nature, grew out of the same act, and belong to the same family of crimes, and the mode of trial and nature of punishment are the same. Where this is true there may be a joinder of two or more offenses in separate counts, and this is true even though they may be punishable with different degrees of severity. Lucas v. State, 144 Ala. 63, 39 South. 821, 3 L. R. A. (N. S.) 412; Lewis et al. v. State, 4 Ala. App. 141, 58 South. 802. Under section 7151, Code 1907, offenses of the same character, and subject to the same punishment, may be charged in the same count in the alternative.

[3] In the absence of a bill of exceptions and the oral charge of the court, written charges refused to defendant cannot be reviewed. Payne v. State, 10 Ala. App. 85, 65 South. 262; Williams v. State, 16 Ala. App. 325, 77 South. 919.

No error appearing, the judgment of conviction in the circuit court is affirmed.

Affirmed.