(118 So. 594)

## SMITH v. STATE. (4 Div. 377.)

Court of Appeals of Alabama. May 22, 1928.

Rehearing Denied Aug. 7, 1928.

D. A. Baker, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.: The indictment is as follows:

"The grand jury of said county charge that before the finding of this indictment J. A. Smith (alias Arthur Smith), with intent to injure or defraud, did alter, forge, or counterfeit a certain instrument in writing, which was in substance as follows:

" 'I release this day to J. A. Smith my place known as stock farm place or Myrick place for five years, 1923, 1924, 1925, 1926, 1927, for five hundred dollars, or the fourth of the crop, I furnish fourth of seed and fertilizer and I agree to pay for all the work done on this place by J. A. Smith for repairing and building. I furnish all lumber, nails, covering windows, doors, and work done in Kudzu field at a reasonable price, plowing, clearing, digging, hauling Kudzu.

" 'This January 3, 1923.        J. M. Watkins.

" 'Witness: J. A. Smith.'

—or with intent to injure or defraud, did utter and publish as true the said falsely altered, forged, or counterfeited instrument in writing, knowing the same to be so altered, forged, or counterfeited.

"(2) The grand jury of said county further charge that before the finding of this indictment J. A. Smith (alias Arthur Smith), with intent to injure or defraud, did alter, forge, or counterfeit a certain receipt, which was in substance as follows:

" 'Nov. 15, 1923.

" 'Received of J. A. Smith one fifty 71/100 on rent in full dollars for 1923 crop.   ck 93.87; cash 56.84.        J. M. Watkins.'

—or, with intent to injure or defraud, did utter and publish as true, the said falsely altered, forged, or counterfeited receipt, knowing the same to be so falsely altered, forged or counterfeited, against the peace and dignity of the state of Alabama."

The verdict of the jury was: "We the jury find the defendant guilty as charged." It is insisted that the verdict of the jury is contrary to the evidence, in that the indictment charges forgery in the first degree, and the evidence discloses an instrument which could only be the subject of forgery in the second degree.

The fault of this contention lies in the fact that both counts of the indictment charge forgery in the second degree. It is quite true that the indictment does not follow verbatim form 62, § 4556, in the Code, which is prescribed as a sufficient charge for forgery in the second degree, nor is this necessary. The charge of forgery is sufficiently

591

alleged in both counts and the instruments alleged to have been forged are set out in hæc verba, which fact determines the degree of the crime. The statute relating to indictments provides that:

"The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Code 1923, § 4529.

The indictment in this case meets the above requirement.

Where offenses are of the same general nature and belong to the same family of crimes, and where the mode of trial and nature of punishment are the same, they may be joined in the same indictment in different counts, and a general verdict of guilty is referable to either count of the indictment, and is no ground for a motion in arrest of judgment or of error. Sampson v. State, 107 Ala. 76, 18 So. 207; Lowe v. State, 134 Ala. 154, 32 So. 273; 8 Mitch. Digest, 639, p. 73.

The question of election is not presented by this record and is not decided.

No insistence is made by appellant in his brief as to any exceptions reserved during the taking of the testimony; but, as required by law, we have examined all of these exceptions, and find them free from prejudicial error.

The evidence was in conflict and the question of guilt vel non was for the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.