(135 So. 605)

**ASBERRY v. STATE.**

4 Div. 781.

Court of Appeals of Alabama.
June 23, 1931.

E. O. Baldwin, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

This appeal is upon the record only, there is no bill of exceptions.

■ The indictment contained three counts, and in each count thereof this appellant was designated by the name of Donie Mae Asberry, alias Donie Mae Sanford. This appellant interposed a plea of misnomer in which she alleged: "Her name is Donie Mae Porter and not Donie Mae Asberry, nor Donie Mae Sanford, as alleged in the indictment; and that she has not been known or called by the name of Donie Mae Asberry, nor Donie Mae Sanford since, and for some time prior to the time the indictment in this case was returned or prosecution was begun, which she is ready to verify and pray judgment that the indictment be quashed." Said plea was signed by "E. O. Baldwin Attorney for Defendant." It was sworn to by defendant, before the clerk of the court wherein the prosecution was pending.

The court, deeming said plea insufficient upon its face, sustained the state's demurrer thereto, said demurrer being predicated upon the ground (1) "said plea is no answer to the indictment"; (2) "said plea fails to aver that said defendant has never been known or called by the name of Donie Mae Asberry, alias Donie Mae Sanford."

The form for a plea of misnomer is provided in section 5205 of the Code 1923, form 4, and as there prescribed it is essential to allege the true name of the defendant and to negative that his name was not as alleged in the indictment; and, further, that the defendant has never been known or called by the name as alleged in the indictment. In this the plea here was defective; the second ground of the state's demurrer went directly to this point, and the court properly sustained it. This is directly decided in the case of Ruffin v. State, 124 Ala. 91, 27 So. 307, wherein the Supreme Court held: "A plea in abatement for misnomer of the defendant in an indictment is bad and subject to demurrer if it fails to negative the fact that the defendant was ever known or called by the name by which he is indicted." And in Freeman's Case, 119 Ala. 235, 241, 24 So. 57, 59, the court said: "A plea in abatement on the ground of misnomer must not only aver the true name, but must negative the fact that he is or was known and called by the name employed."

■■ The demurrers to the indictment and to each count thereof were properly overruled. The indictment followed substantially the form laid down in the Code and was sufficient. The further insistence to the effect there was a misjoinder of counts is without merit.

The foregoing questions only are presented on this appeal, and, as no error appears in the court's rulings in this connection, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.