33 So.2d 380

## SMELCHER v. STATE.

### 7 Div. 884.

Court of Appeals of Alabama.
Nov. 25, 1947.

Rehearing Denied Jan. 13, 1948.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The defendant below was tried on an indictment containing three counts, the first two counts charged defendant with the murder in the first degree of Arthur Parker, and the third count charged him with robbery of the same person. All counts are substantially in code form. A jury found the defendant guilty of robbery and fixed his punishment at imprisonment in the state penitentiary for a term of 10 years.

This appeal is on only the record proper.

In the proceedings below the defendant filed demurrers to the indictment grounding same on the allegations that there was a misjoinder of offenses, and that the indictment charged two separate offenses not of the same general nature or family of crimes. The demurrer to the indictment was overruled by the trial court and this ruling constitutes the only substantial question raised by this appeal.

It is well settled by the decisions of this state that where offenses are of the same general nature and belong to the same family of crimes, and where the mode of trial and nature of punishment are the same, they may be joined in the same indictment in different counts. Sampson v. State, 107 Ala. 76, 18 So. 207; Lowe v. State, 134 Ala. 154, 32 So. 273; Myrick v. State, 20 Ala.App. 18, 100 So. 455; Smith v. State, 22 Ala.App. 590, 118 So. 594; Asberry v. State, 24 Ala.App. 375, 135 So. 605. While offenses of the category above mentioned may be joined in one count in the alternative, as provided in Section 249, Title 15, Code of Alabama 1940, only if the punishment for each is the same, they may be joined in separate counts of the same indictment even though punishable by different degrees of severity. Thomas v. State, 111 Ala. 51, 20 So. 617; Lewis et al v. State, 4 Ala.App. 141, 58 So. 802; Jones v. State, 17 Ala.App. 283, 84 So. 627.

We have found no cases from this jurisdiction specifically holding that murder in the first degree and robbery may be joined in one indictment in separate counts. Murder is an offense against the person. While robbery is an offense against property, it is also an offense against the person, and in this aspect clearly is of the same nature as the crime of murder, and of the same family of crimes. Moreover, this court has held that "assault with intent to murder" and "assault with intent to rob" are offenses of the same general nature and belong to the same family of crimes. Wilson v. State, 31 Ala.App. 232, 14 So.2d 382. Analogically, the doctrine of the Wilson case, supra, necessarily leads to the conclusion that murder and robbery should be so considered.

It is our opinion therefore that the trial court correctly overruled the demurrer to the indictment. It is further our opinion that the record is otherwise free of error. This cause is therefore ordered affirmed.

Affirmed.