37 So.2d 218

**FLOURNOY v. STATE.**

8 Div. 606.

Court of Appeals of Alabama.
May 18, 1948.

Rehearing Denied June 15, 1948.

Robt. W. Milner, of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The indictment against this appellant was in two counts, the first charging incest, and the second rape. His jury trial resulted in a verdict of guilty under the first count, that is, guilty of the offense of incest.

Appellant filed a demurrer to the indictment on the grounds that there was a misjoinder of two offenses in the same indictment. The demurrer was overruled.

The appellant argues that a misjoinder results from the facts that the penalties provided respectively for rape and incest are not the same; that the rules for the admission of evidence are not the same, in that consent is not material to the charge of incest; that the state cannot be compelled to elect as to the act it will rely on in incest, and must so elect in a prosecution for rape; and that the mode of trial is not the same inasmuch as the court may, in rape trials, exclude the public.

 The general rule as to joinder of separate offenses in one indictment is set forth in Smelcher v. State, Ala.App., 33 So.2d 380, 381, as follows:

"It is well settled by the decisions of this state that where offenses are of the same general nature and belong to the same family of crimes, and where the mode of trial and nature of punishment are the same, they may be joined in the same indictment in different counts. Sampson v. State, 107 Ala. 76, 18 So. 207; Lowe v. State, 134 Ala. 154, 32 So. 273; Myrick v. State, 20 Ala. App. 18, 100 So. 455; Smith v. State, 22 Ala.App. 590, 118 So. 594; Asberry v. State, 24 Ala.App. 375, 135 So. 605. While offenses of the category above mentioned may

be joined in one count in the alternative, as provided in Section 249, Title 15, Code of Alabama 1940, only if the punishment for each is the same, they may be joined in separate counts of the same indictment even though punishable by different degrees of severity. Thomas v. State, 111 Ala. 51, 20 So. 617; Lewis et al. v. State, 4 Ala.App. 141, 58 So. 802; Jones v. State, 17 Ala.App. 283, 84 So. 627."

■ Basically rape and incest are sexual offenses. To this extent they are of the same general nature and belong to the same family of crimes.

The fact that in rape cases the trial court may, in his discretion, exclude the general public from such trials does not essentially affect the general mode of trial, which is the same for both offenses, nor is the same general mode of trial pertaining to each offense affected by the fact that the state may be required to elect the offense on which it will proceed in rape prosecutions.

Likewise, the fact that consent is material in rape, and immaterial in incest, creates no misjoinder in an indictment charging the two offenses in separate counts of the same indictment. Such joinder is permissible even though one offense may require an element not essential to the other. For instance burglary may be joined in separate counts in the same indictment with larceny, McDaniel v. State, 30 Ala.App. 447, 7 So.2d 583, robbery with grand larceny, Wiggins v. State, 27 Ala.App. 451, 173 So. 890, and murder with robbery, Smelcher v. State, supra.

It is our opinion therefore that the trial court's action in overruling the demurrer to the indictment was correct.

The evidence introduced by the state was directed toward showing that this appellant had engaged in sexual relations with his stepdaughter. This girl was twenty-two years of age, the victim of epilepsy of long duration, and of low grade mentality. Medical testimony established that at the time of the trial this unfortunate girl was about six months pregnant.

■ No necessity arises for any detailed discussion of much of the sordid testimony presented during this trial. We therefore refrain from such detailing. We are clear to the conclusion that the evidence, if believed under the required rule, fully supported the trial court's action in submitting the cause to the jury, and justified his refusal to give defendant's written request for the affirmative charge, and likewise his action in overruling defendant's motion for a new trial in so far as the law and the weight and preponderance of the evidence was involved in such ruling.

■ Three medical witnesses who had treated Gladys Green, the stepdaughter, testified that she had for a long time been afflicted with epilepsy, and that her mentality was that of a person between the ages, variously stated by these witnesses, of from 12 to 15 years of age. All medical witnesses also testified that epilepsy often retards the mental development of its victims. No error can therefore be charged to the trial court in overruling the defendant's objections to the questions propounded by the solicitor to these, and other witnesses, as to whether Gladys Green suffered from epilepsy. Such testimony was relevant to the question of consent, and it also might be pointed out that when a woman is incapable of giving consent, no corroboration of her testimony is necessary. Brown v. State, 21 Ala.App. 371, 108 So. 625.

In stating the above we do not mean to intimate that the evidence corroborative of Gladys' testimony was insufficient. Testimony by other witnesses that Gladys slept in the room with her mother and appellant; that she was pregnant; that she was closely watched and had no opportunity to be with any men other than her stepfather (appellant); appellant's failure to deny the charge when frequently accused by members of the family after the discovery of Gladys' pregnancy, and his efforts to get his wife (Gladys' mother) to take her out of Huntsville for the birth of the child accompanied by promises of financial aid, we think tended to corroborate Gladys' testimony sufficiently and to the extent required by Section 307, Title 15, Code of Alabama 1940. Brown v. State, supra.

■ The trial court did not err in overruling defendant's objection to the following questions propounded by the solicitor

to the witness Ethel Flournoy on redirect examination:

"Q. Mr. Milner asked you about what the conversation was at the doctor's office, about what Gladys said down there; now I want to ask you what Gladys did say when the doctor told you in her presence that she had a little baby in her stomach?"

This question was objected to on the grounds that the defendant was not present at the time.

This question of course called for hearsay. However, on the cross examination preceding the defendant had gone into and brought out part of this conversation.

■■ When a part of a conversation or transaction is put in evidence, the opposite party may rightfully call for the whole of it, although the evidence was in the first place illegal. Gibson v. State, 91 Ala. 64, 9 So. 171. Further, it has been held that when the defendant, on cross examination of a witness, elicits part of a conversation, the state may in rebuttal, show the entire conversation. Davis v. State, 131 Ala. 10, 31 So. 569.

In answer to a question propounded to her by the solicitor the witness Gladys Green made an answer tending to show that when the appellant would get in bed with her he would attempt certain acts sexually perverted in nature prior to intercourse.

■ The court first overruled appellant's motion to exclude this answer, but later did exclude the answer, and instructed the jury not to consider it. Even had the court not excluded the answer no error could, in our opinion, have resulted, for the evidence shows that these alleged acts or attempts were so closely connected with the acts of intercourse by time and events, and so interwoven therewith, as to clearly have been part of the res gestae.

Defense witness Joe Cates testified as to the good general reputation of the defendant.

Questions were then propounded to him by the defense as to defendant's "reputation in reference to being a faithful and moral man or not," and his reputation "of being a man that runs after women or is guilty of immoral conduct with women."

■ These questions were not limited to the time prior to the commission of the alleged offense. The court was therefore correct in sustaining the objections interposed. These questions being defective on this ground we pretermit consideration of their substantive validity.

Through the witness Cates the defendant also sought to show the general reputation of State's witness Ethel Flournoy in the community in which she lived previous to her marriage some ten years ago.

■ Where the probative value of character testimony is rendered questionable because of remoteness in time, great weight should be accorded the trial judge's determination as to the admissibility of such evidence. We are therefore unwilling to say that there was abuse of such discretion by the trial court in this instance.

■ The defense then addressed questions to this witness seeking to elicit testimony as to Ethel Flournoy's reputation for chastity prior to her marriage, and her reputation for being a prostitute. Questions were also addressed to this witness concerning the reputation of State's witness Hattie Lock "for keeping a house of prostitution on Patton Street."

The State's objections were sustained to all of the above questions.

No error resulted from these rulings by the court.

■ Character or reputation, whether good or bad, cannot be proven by specific acts or conduct, but only by evidence of general repute. Scott v. State, 211 Ala. 270, 100 So. 211; Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L.R.A. 301; Sexton v. State, 13 Ala.App. 84, 69 So. 341, certiorari denied, 195 Ala. 697, 70 So. 1014; Williams v. State, Ala.Sup. 35 So.2d 567.

During the cross examination of several of the defendant's character witnesses the solicitor asked them did they "know," or did they "know, or had they heard" that the defendant had previously been convicted of burglary and grand larceny and served a term of two years in the penitentiary therefor. The court overruled the defendant's objections to these questions.

28

In all but one instance the objections were interposed after the question had been answered, with no motion to exclude the answer, or no grounds were assigned to the objection. No reversible error resulted in such instances.

However, in connection with the cross examination of Mrs. Annie Baker, who had testified to defendant's good character, the record shows the following:

"Q. Did you know or have you heard the people out there in the community that you got his good reputation from and said nice things about him, did you hear out there or know that he was convicted or plead guilty to burglarizing J. D. Condra's store in 1929?

"Mr. Milner: We object to that part, whether she knows.

"The Court: Overruled.

"Mr. Milner: We except.

"A. Well—I had heard that and heard he was convicted of it."

That part of the above question calling for knowledge of the witness as to certain acts of the defendant was improper and the objection, as grounded, was well taken. A character witness who has testified to an accused's good character and reputation may properly be cross examined as to whether he has heard of certain acts of misconduct on the part of the accused, such testimony going to the credibility of the witness and the weight of his testimony. Character, whether good or bad, can only be proved by general repute, and evidence of specific acts based on knowledge is not permissible. Mullins v. State, 31 Ala.App. 571, 19 So.2d 845

The record discloses that this defendant testified that he had plead guilty to burglary and grand larceny in 1929 and had served a two year term in the penitentiary therefor.

In view of Mrs. Baker's answer that she only had heard of defendant's prior conviction, and in further view of the defendant's testimony that he had been so convicted, we are of the opinion, after examination of this entire record, that the probability of injury to the substantial rights of this defendant is too doubtful to justify a reversal of this cause because of the court's ruling on the above objection Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

Some twenty charges requested in writing by the defendant were refused by the court. No error resulted from such action as all such refused charges were either covered by the oral charge of the court or one or more of the thirty-two written charges that were given at defendant's request, or were abstract under the verdict rendered or were not correct statements of the law involved, or were argumentative, or invasive of the province of the jury.

The lower court's ruling was invoked innumerable times during the trial. We have not written to all of the points raised in appellant's brief. We have written to those points we consider meritorious and vital to this decision. The remaining points are in our opinion well settled by prior decisions, and discussion would involve mere repetition of such established principles.

This cause is in our opinion due to be affirmed and it is so ordered.

Affirmed.