307 So.2d 51

**Evan HARGER**

v.

**STATE.**

I Div. 482.

Court of Criminal Appeals of Alabama.

Nov. 12, 1974.

Rehearing Denied Jan. 21, 1975.

Douglas Inge Johnstone, Mobile, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Voluntary Manslaughter: sentence five years, Code 1940, T. 14, §§ 320 and 322.

Omitting the caption and signature, the indictment sub judice reads as follows:

"The GRAND JURY of said County charge, that, before the finding of this indictment EVAN HARGER whose name is to the Grand Jury otherwise unknown than as stated, unlawfully and with malice aforethought killed Joseph Henry Mayfield by shooting him with a pistol, against the peace and dignity of the State of Alabama.

"The GRAND JURY of said County further charge, that, before the finding of this indictment EVAN HARGER whose name is to the Grand Jury otherwise unknown than as stated, unlawfully and with malice aforethought killed Joseph Henry Mayfield by shooting him with a gun, against the peace and dignity of the State of Alabama."

Appellant argues that this true bill required the State to prove that Mayfield was killed twice. Presumably we are to infer that the prosecution here undertook to show that, like Lazarus, the deceased after the first killing rose but to be killed again. Hence, we gather we must adjudge that the State averred that which is impossible ere the Millenium.

However, we reject such reasoning because we consider that the foregoing is an ordinary two count indictment. Thus in Wilson v. State, 31 Ala.App. 232, 14 So.2d 382, we find:

"True, the said counts were not numbered one and two. But that, we apprehend, was unnecessary. The word 'Count' connotes, as we understand it, no more than the word 'Paragraph.' Words and Phrases, Permanent Edition, Vol. 10, pages 10 and 11. There were two distinct paragraphs, and the demurrers to the indictment were properly overruled."

■ As to the general proposition of embracing several felonies in separate counts of an indictment we note that Judge Harwood wrote in Smelcher v. State, 33 Ala.App. 326, 33 So.2d 380:

"It is well settled by the decisions of this state that where offenses are of the same general nature and belong to the same family of crimes, and where the mode of trial and nature of punishment are the same, they may be joined in the same indictment in different counts. Sampson v. State, 107 Ala. 76, 18 So. 207; Lowe v. State, 134 Ala. 154, 32 So. 273; Myrick v. State, 20 Ala.App. 18, 100 So. 455; Smith v. State, 22 Ala.App. 590, 118 So. 594; Asberry v. State, 24 Ala.App. 375, 135 So. 605. While offenses of the category above mentioned may be joined in one count in the alternative, as provided in Section 249, Title 15, Code of Alabama 1940, only if the punishment for each is the same, they may be joined in separate counts of the same indictment even though punishable by different degrees of severity. Thomas v. State, 111 Ala. 51, 20 So. 617; Lewis et al v. State, 4 Ala.App. 141, 58 So. 802; Jones v. State, 17 Ala.App. 283, 84 So. 627."

The sole difference between the counts lies in the description of the lethal weapon once as a "pistol" and the second time merely as a "gun."

■ This mode of averment in homicide affords the defendant the knowledge of what the grand jury accuses him. Under a general verdict there is no error.

We have carefully considered the entire record under Code 1940, T. 15, § 389. The judgment below is

Affirmed.

All the Judges concur.