314 So.2d 307

**William Leroy KEY**

**v.**

**STATE.**

**8 Div. 562.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

Rehearing Denied April 22, 1975.

Weeks & Weeks, Scottsboro, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

CLARK, Supernumerary Circuit Judge.

A jury found appellant guilty of burglary in the second degree as charged in one count of an indictment and guilty of grand larceny as charged in another count of the indictment. The maximum sentence for each is ten years imprisonment in the penitentiary. Title 14, Code of Alabama, § 86 (Burglary in the second degree) and § 331 (Grand larceny). The trial court first sentenced him to imprisonment in the penitentiary for nine years on each charge, but thereafter reduced the sentence to six years. In each instance the judgment sentencing him provided that the sentences would run concurrently. On arraignment and on appeal from the judgment of conviction and sentence, a showing of indigency was made. The trial court ordered a free transcript for appellant, and he is represented on appeal by the same counsel who ably represented him on his arraignment and trial by appointment of the trial court.

But for the commendable efforts of appellant's counsel to show in his brief points

of asserted weakness in the State's case and a special question discussed in the concluding portion of this opinion, we would be disposed to affirm the judgment below without an opinion. The brief evinces such a fine spirit of loyalty and devotion to duty that we feel we should hereby express our views as to the contentions of appellant.

Appellant insists that the evidence was not sufficient to support the verdict and judgment of conviction.

No contention is made by appellant that there was not ample evidence of a burglary in the second degree, that of an uninhabited dwelling, and of grand larceny as charged in the indictment, but he strenuously insists that the State did not furnish sufficient evidence to meet the burden upon it to prove he was guilty of either offense. Two others were indicted with him, but he was separately tried.

The unquestioned evidence of the State shows that the dwelling of Mr. and Mrs. Adam Levoy Burke was broken into and entered during daylight hours on the morning of December 18, 1973. Many items of personal property, including guns, an AM-FM stereo radio unit and some Christmas presents, totaling many times the sum of $25.00 in value, the minimum value required for grand larceny, were taken and carried away from the residence. These items were found the same day in a truck, which with its contents was taken to the courthouse, where the items were identified later that day by Mr. and Mrs. Burke.

The particular truck, a green Dodge pickup truck with a plywood camper on the body of the truck, was seen the same day by State's witnesses, Mrs. Ida Brown, Mrs. Patsy Hill and Mr. David Paul Frederick. Mrs. Brown testified she lived about three-fourths of a mile from the Burkes, that the truck passed her house back and forth at least twice. Mrs. Hill testified that the truck pulled in her driveway, a man got out and came to her door and asked if it was where Dr. Peet lived. She stated that she replied in the negative and told him where Dr. Peet lived. She saw another man in the truck. The man that came to her door was a large man. Mrs. Brown did not say that defendant was or was not the man that came to her door about "dinner time" on December 18.

David Paul Frederick testified that while he was at the Charles Peet farm about four or five miles from the community where the Burkes lived some people in a truck had a conversation with him in which they inquired about renting Dr. Peet's house out on the highway. The conversation took place on December 18. *He said the appellant was one of the men.*

Mr. Robert Goodson, a deputy with the Jackson County Sheriff's Department, testified that he received a report on December 18, 1973, that a burglary had been committed. Shortly thereafter he met the truck as described above. He turned around and went in hot pursuit of the truck; the truck pulled over and the occupants abandoned it. *He said that appellant was driving the truck.* Thereafter the truck and contents were taken to the courthouse.

According to the testimony of Officer Max Robertson of the Sheriff's Department, with thirty years experience in law enforcement, he learned of the burglary, alerted Officer Goodson, and thereafter saw Officer Goodson at the truck. He identified various articles in the truck that had been taken and carried away from the home of the Burkes. In addition he found a pint bottle of whiskey lying on the floorboard of the truck in a paper sack. He commenced looking for the persons that had abandoned the truck. As he was driving along a crooked road and was rounding one of the curves, his lights shone on two persons, one of whom was the appellant. He arrested appellant and his companion. Promptly thereafter other officers arrived, and a third person was arrested. According to Officer Robertson, he afterwards lifted a fingerprint from the whiskey bottle. He also took fingerprints of the ap-

pellant and the other persons arrested. On cross-examination he testified that when he arrested appellant, he had a screwdriver that the witness said matched marks on the door of entry into the house of the Burkes.

After establishment of the chain of evidence relative to the fingerprints, Mr. Edward Burkett, an identification technician of the Department of Public Safety of Alabama, testified he made an examination of the latent fingerprint on the whiskey bottle and the fingerprints of appellant taken after he was arrested, made a comparison, and stated that the latent print "matched William Leroy Key's right little finger." He was interrogated thoroughly on cross-examination by defense counsel and in the course of such cross-examination stated that there were some dissimilar characteristics, that "the characteristics on the latent print are not as clear and good." He further testified as to some of the dissimilar characteristics, that there was on one print an apparent scar of the finger which was not present on the other print with which comparison was made and that there were ending ridges on one print that did not appear on the other print. Enlargements of each print, as well as a copy of the roll of prints taken after appellant's arrest, were introduced in evidence and are before us for observation and study.

No testimony was offered by defendant.

Appellant's counsel emphasizes as claimed deficiencies in the State's case:

1. The fingerprint evidence.

2. Identification of appellant as driving or being in the truck in which the stolen articles were found, and

3. The evidence as to the screwdriver matching some marks on the door to the Burke house.

As to the fingerprint evidence, we note that, as the witness for the State testified, the latent print lifted from the whiskey bottle in the truck is not as clear as the print taken of appellant's right little finger. The dissimilar characteristics pointed out

by appellant's counsel can largely be explained, we think, by the difference in the clarity of the two prints. We also think that the similar characteristics are difficult, if not impossible, to reconcile with any theory other than that they are of the same finger of the same person.

We attach little importance to the screwdriver evidence. Neither side saw any occasion to go into it in detail.

We see little basis for reasonable doubt as to the correct identification of the appellant by the two witnesses named.

It is our opinion that the evidence fully justified the finding of fact that appellant was guilty of second degree burglary and that it fully justified the finding of fact that he was guilty of grand larceny.

Pursuant to our duty under Title 15, § 389, Code of Alabama 1940, to search the entire record for prejudicial error, we have had occasion to note, and we feel that we should discuss, the two findings of the jury of (1) guilty of burglary in the second degree and (2) guilty of grand larceny and the judgment of the trial court adjudging him guilty of both and imposing two sentences of six years each to run concurrently.

Varied have been the problems arising in connection with the handling of more than one charge in an indictment, whether in the same or in separate counts. That some misunderstanding exists on the subject is to be expected in view of the many ramifications thereof, which at times involve questions of double jeopardy, repugnance of findings and judgments, statutorily prescribed procedure, concurrent-consecutive sentences and other considerations.

The rule is well established in this state, that when the offenses are of the same general nature, and belong to the same family of crimes, if the mode of trial and the nature of punishment are the same, there may be a joinder of them in

separate counts, though they are punishable with different degrees of severity. Thomas v. State, 111 Ala. 51, 20 So. 617; Lewis v. State, 4 Ala.App. 141, 58 So. 802, 803; Lucas v. State, 144 Ala. 63, 39 So. 821; Jones v. State, 17 Ala.App. 283, 284, 84 So. 627; Smelcher v. State, 33 Ala.App. 326, 33 So.2d 380; Flournoy v. State, 34 Ala.App. 23, 37 So.2d 218.

■ In a large number, if not most, of the cases in Alabama containing two or more charges, there has been a general verdict of the jury followed by a general judgment of guilt and a single sentence. Such action is proper, if the evidence is sufficient as to one count and there has been no request for an affirmative charge, or other appropriate action, as to any count not supported by the evidence. Jackson v. State, 249 Ala. 348, 31 So.2d 519. In that case, as well as in other cases involving charges of both larceny and embezzlement, if the evidence justifies a verdict as to each, it would seem that the practice is more desirable than that of separate findings or of a verdict referable to one count only. This for the reason that to require separate findings could result in an unnecessary mistrial, and justice according to law does not demand that for a conviction to be valid a jury must be satisfied by the evidence beyond a reasonable doubt that defendant was guilty of one of the charges in particular, but only that he was guilty of either of the charges. Furthermore, it is to be seen that in such a case a verdict of guilt as to both charges would ordinarily constitute repugnancy, for if larceny it would not be embezzlement and if embezzlement it would not be larceny. The same can be said as to larceny on the one hand and buying or receiving the same stolen property on the other.

In a burglary-larceny indictment, considerations are somewhat different from those in · a larceny-embezzlement indictment or an indictment charging larceny and buying, receiving or concealing stolen property, as well as some other indictments.

Whether it has been conclusively held in this state, or whether it should be held in this state, that where one breaks into and enters a building with intent to steal, he does while there steal (feloniously take and carry away), he can be adjudged guilty of both offenses so as to subject him to two sentences running consecutively or whether he is guilty of one offense only, we do not here attempt to decide. We would prefer to make such a decision in a case in which the point is raised and the issue definitely presented and thoroughly discussed by both sides. We do note that in 1 Bishop, Criminal Law, § 1062, (9th Ed. 1923), it is stated:

"An allegation simply of breaking, entering, and stealing states the burglary in a form which makes it single, and a conviction therefor will bar an indictment for the larceny or the burglary alone. But equally well a first count may set out a breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both."

According to the cited authority, and other authorities on the subject, a judgment of conviction on both counts and of separate sentences is correct and appropriate. On the other hand we note that in People v. Griffin, 402 Ill. 247, 83 N.E.2d 746, cert. denied 336 U.S. 946, 69 S.Ct. 806, 93 L.Ed.2d 1103 and People v. McMullen, 400 Ill. 253, 79 N.E.2d 470, a different view obtains, to the effect, as found in the conclusion, that "the imposition of penalties as for separate and distinct offenses" was not proper, but that sentences to run concurrently were not prejudicial to appellant.

Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969) underscores the difficulty of properly handling from beginning to end some cases involving more than one charge. There were two counts, one of burglary and one of larceny, as here. On the first trial of defend-

ant, he was found not guilty of larceny but guilty of burglary. The judgment of the trial court was reversed for a reason not pertinent to any question here. A new trial resulted, and he was found guilty of both offenses and given a sentence of fifteen years on the burglary count and five years on the larceny count, the sentences to run concurrently. Double jeopardy was claimed in the second trial as to the larceny count. The Supreme Court held that the larceny conviction in the second trial could not stand, in view of his acquittal of larceny on the first trial.

In *Benton*, particularly in expressions in the dissenting opinions, consideration is given to the "concurrent sentence rule" as to which at times courts have said where two sentences as for separate offenses have been imposed, when only one sentence should have been pronounced, the error is harmless and does not require correction if the sentences run concurrently rather than consecutively. There is argument that the defendant could be prejudiced as to possible action by the Board of Pardon and Paroles, that his credibility as a witness could be more effectively impaired by more than one conviction, that it would adversely affect him as to any future prosecution under habitual criminal laws, and that it could hurt him in some more general respects.

In fixing a sentence after a finding of guilt by a jury, the trial court has the right to, and should, take into consideration all circumstances of aggravation, as well as mitigation, which would normally include all of the actual conduct of defendant, which includes in this case his participation in the actual breaking and entering and his participation in the stealing or taking and carrying away of the items named in the indictment, whether there were two offenses involved as a matter of law or only one. If two, the court has the right to render separate sentences and to make such sentences run concurrently or con-

secutively as the court in its discretion determines to be appropriate.

As no contention is made on this appeal, and apparently none was made in the trial court, that there should not have been two adjudications and two sentences in the trial court, we doubt that appellant or his counsel desires or feels that appellant is prejudiced by two sentences instead of one. We feel that it is probable that the matter was handled as it was in off-the-record conference among the court, counsel for State and counsel for defendant, but, of course, we are not certain as to this. At any rate, it is our view that the trial court never intended for defendant to be injured by two sentences any more than he would be by one sentence.

It is our view that the evidence clearly shows that defendant was just as guilty of burglary in the second degree as he was of larceny and just as guilty of larceny as of burglary in the second degree, that if he was not guilty of one he was not guilty of the other and that no injustice is done him by his being adjudged guilty of both. Out of consideration, however, for the possibility that two sentences would be greater punishment, or injure him more, in some way than one sentence, we think the appellant should have the opportunity, if he so desires, to have the judgment as to sentence modified so as to embrace one six-year sentence only. We see no necessity or occasion for remanding the case but deem it sufficient and appropriate to affirm the judgment of the trial court with direction that upon application by appellant within four weeks from April 1, 1975, the trial court will modify the sentence (not the adjudications of guilt under both counts of the indictment) by the imposition of one six-year sentence only. See Michie's 1958 Code, T. 15, § 287.

The foregoing opinion was prepared by Hon. LEIGH M. CLARK, Supernumerary Circuit Judge, serving as a judge of this Court under § 2, of Act No. 288, Acts of

Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.