Jerome C. Averette was indicted and convicted for theft of property in the second degree in violation of Alabama Code 1975, § 13A-8-4. The sentence of ten years' imprisonment was ordered split, with the defendant serving one year in jail and five years on probation. Restitution, as a condition *Page 1373 
of probation, was ordered in the amount of $2475. Five issues are raised on appeal.
 I
The indictment contained fifteen counts. Each count alleged in substance that the defendant stole the proceeds of a check for $165 made payable to the Cabana Hotel and drawn on the account of Youth Development, Inc. A different check was involved in each count. The checks were dated from July 7, 1980, to November 9, 1981.
Youth Development, Inc. (YDI) was a "summer youth recreation program . . . designed to offer recreational activities for disadvantaged youth between the ages of eight and thirteen." It was funded by the Jefferson County Committee for Economic Opportunity. The defendant was the director of YDI. The State proved that, for fifteen separate months, the defendant paid the rent for his room at the Cabana Hotel in Birmingham with checks drawn on the YDI account.
At trial, the State introduced evidence to prove that the defendant had also written checks on the YDI account to purchase a raccoon fur coat for $100, to four different beverage companies for beer and wine totaling $1100, to Wheton Printing Company to cover $397 in the campaign expenses of a Margaret B. Little, and to Burch and Tant for a tuxedo rental in the amount of $43.26. The State introduced these other offenses to show that the defendant wrote "unauthorized checks for personal uses out of this charity" in order to show motive, scheme, pattern, and fraudulent intent.
On appeal, the defendant does not quarrel with the general rule that "[e]vidence of the accused's commission of another crime is admissible if such evidence, considered with other evidence in the case, warrants a finding that both the now-charged crime and such other crime were committed in keeping with or pursuant to a single plan, design, scheme or system." C. Gamble, McElroy's Alabama Evidence, § 69.01 (6) (3rd ed. 1977). The State laid a proper predicate to show that these other offenses fell within that exception to the general rule excluding evidence of other offenses. Royal v. State,447 So.2d 834, 836 (Ala.Cr.App. 1983). Here, the other offenses were also admissible to show the defendant's guilty knowledge,McElroy § 69.01 (4), his criminal intent, McElroy § 69.01 (5), and to negative any other intent. Howton v. State,391 So.2d 147, 149 (Ala.Cr.App. 1980).
Under Ex parte Killough, 438 So.2d 333 (Ala. 1983), these other offenses were both relevant and material to the crime charged. In that case, our Supreme Court held that "[b]id-rigging, bribery, and kickbacks are so unconnected by circumstances with the crime of theft of a portable building that proof of these acts has no bearing on the ultimate issue of guilt and is therefore inadmissible." 438 So.2d at 336. Here, the evidence is not subject to the relevancy flaw ofKillough. "[B]ecause the unintentional doing of an act is abnormal and unusual, the more a person does other acts similar to the act in question, the greater the likelihood that the act in question was not done inadvertently." McElroy § 69.01 (5). Here, the charged offense and the other crimes had "`such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations.' Wigmore on Evidence, § 304 (3rd ed. 1972)." Mayberry v. State, 419 So.2d 262, 268
(Ala.Cr.App. 1982). See also Royal, supra.
The basis for the evidentiary rule excluding evidence of the accused's commission of crimes not charged in the indictment "lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them." McElroy at § 69.01 (1). Consequently, not only must it be determined that the other offenses are material and relevant to an issue other than the character of the accused and fall within an exception to the exclusionary rule, but the probative *Page 1374 
value must not be substantially outweighed by undue prejudice.
 "Judicial inquiry does not end with a determination that the evidence of another crime is relevant and probative of a necessary element of the charged offense. It does not suffice simply to see if the evidence is capable of being fitted within an exception to the rule. Rather, a balancing test must be applied. The evidence of another similar crime must not only be relevant, it must also be reasonably necessary to the government's case, and it must be plain, clear, and conclusive, before its probative value will be held to outweigh its potential prejudicial effects." United States v. Turquitt, 557 F.2d 464, 468-69 (5th Cir. 1977) (citations omitted).
However, it is "only when the probative value of evidence is `substantially outweighed by the danger of unfair prejudice,' . . . that relevant evidence should be excluded." United Statesv. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982) (emphasis in original). "[T]he probative value of the evidence of other offenses must also be balanced against its `prejudicial nature' to determine its admissibility. `Prejudicial' is used in this phrase to limit the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial."State v. Daigle, 440 So.2d 230, 235 (La.Ct.App. 1983).
 "Of course, `prejudice, in this context, means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contention; but that cannot be ground for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one.' State v. Hurd, Me., 360 A.2d 525, 527
n. 5 (1976), quoting McCormick, Handbook on the Law of Evidence § 185 at 439 n. 31 (2nd ed. 1972)."
State v. Forbes, 445 A.2d 8, 12 (Me. 1982).
There was no abuse of discretion by the trial court in admitting the evidence of similar offenses.
 "[W]hen the evidence shows a common scheme or plan and the similarities between the two offenses are so numerous and distinctive that the evidence has great probative value, the fact that it leads inexorably to the logical conclusion that if the defendant committed the one crime he also committed the other, does not constitute `prejudice' but rather proper overwhelming proof of guilt. (People v. Haslouer, supra, 79 Cal.App.3d [818] at pp. 824-829, 145 Cal.Rptr. 234 [(1978)].)" People v. Rance, 106 Cal.App.3d 245, 164 Cal.Rptr. 822, 825 (1980).
 II
The trial court did not err in refusing to sever the separate counts of the indictment. The defendant was indicted and tried before the effective date of Rule 15.3, A.R.Cr.P.Temp., providing for the joinder and severance of offenses in the indictment.
Before the effective date of Rule 15.3, the rule was "well established in this state, that when the offenses are of the same general nature, and belong to the same family of crimes, if the mode of trial and the nature of punishment are the same, there may be a joinder of them in separate counts" of the same indictment. Key v. State, 55 Ala. App. 232, 235-36,314 So.2d 307, cert. denied, Ex parte Key, 294 Ala. 762, 314 So.2d 312
(1975). See also Harger v. State, 54 Ala. App. 242, 244,307 So.2d 51 (1974).
The defendant's allegation that he was prejudiced and denied a fair trial by the joinder was answered in United States v.Thomas, 610 F.2d 1166, 1169 (3d Cir. 1979). If each count of the indictment had been severed and the defendant tried separately for each count, evidence of the theft involved in each of the remaining fourteen counts would have been admissible at each of his fifteen trials. See Part I of this opinion. Consequently, the defendant could not have been unfairly prejudiced by any "`corroborative effect' of the joint introduction of evidence regarding the crimes *Page 1375 
alleged in the [fifteen] counts of the indictment." Thomas, 610 F.2d at 1169.
"[J]oinder is the rule rather than the exception and . . . the burden is on the defendant in his appeal following denial of the motion to sever to show that joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." United States v. Armstrong, 621 F.2d 951,954 (9th Cir. 1980). Here, no prejudice has been shown.
 III
The defendant contends that the State attempted to prove embezzlement, which falls within subsection (2) of § 13A-8-2
defining as theft one who "[k]nowingly obtains by deception control over the property of another, with intent to deprive the owner of his property." The defendant was indicted under subsection (1) of § 13A-8-2 defining theft of property as one who "[k]nowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property."
The term "obtains", "exerts control", or "obtains or exerts unauthorized control" over property is defined by Alabama Code 1975, § 13A-8-1 (7) and "includes but is not necessarily limited to conduct heretofore defined or known as common law . . . embezzlement, . . ." The commentary to Alabama's theft statutes makes it clear that embezzlement is now covered under § 13A-8-2 (1), while false pretenses falls under § 13A-8-2 (2). Commentary to §§ 13A-8-2 through 13A-8-5.
Our review convinces us that the indictment properly charged the defendant for the offense of which he was convicted.
 IV
The facts of this case did not warrant a jury charge on theft in the third degree as a lesser included offense. The trial judge stated his reasons to the jury for not charging on theft in the third degree:
 "The other thing that the gentleman mentioned was the lesser included charge of theft of property in the third degree. And he would have me call to your attention that third degree theft concerns property, the theft of property which does not exceed $100.00 in value. But given the fact that the gentleman admitted signing all of the checks that went to the Cabana Hotel, and that they were all for $165.00, I didn't think it pertinent to talk about third degree theft. But in any event, that is the definition of third degree theft."
The trial judge was correct in that there was no basis upon which to give instructions for theft in the third degree. For purposes of this case, the difference between theft in the second degree and theft in the third degree is the value of the property involved. Here, the amount of each check was never disputed. That amount, $165, clearly falls into the category of second degree theft and no other. "The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." § 13A-1-9 (b), Alabama Code 1975. "Further, `[a] charge on a lesser-included offense should not be given when there is no reasonable theory from the evidence to support such a proposition.' When the evidence clearly shows the appellant is either guilty of the offense charged, or innocent, the charge on a lesser included offense is not necessary or proper. Cooper v. State, 364 So.2d 382 (Ala.Cr.App.), cert. denied, 364 So.2d 388 (Ala. 1978)." Daly v. State,442 So.2d 143, 147 (Ala.Cr.App. 1983); Hollins v. State, 415 So.2d 1249,1253 (Ala.Cr.App. 1982); Myers v. State, 401 So.2d 288, 291
(Ala.Cr.App. 1981).
 V
The trial judge instructed the jury that the State must prove that the defendant "knowingly obtained or exerted unauthorized control or obtained by deception control of properties or monies of the Youth Development." Although the defendant was indicted under subsection (1) *Page 1376 
of § 13A-8-2, the trial judge charged the jury on both subsections (1) and (2).
Defense counsel made no objection to this matter either at trial or in his motion for new trial. Any error in instructing the jury on both types of theft defined in § 13A-8-2 is not preserved for review. Rule 14, A.R.Cr.P.Temp. See Ex parteAllen, 414 So.2d 993 (Ala. 1982). "Ordinarily, under Rule 14, the burden is on the defendant to apprise the trial judge of his objections to the oral charge, stating his grounds, before the jury retires. . . . To state the obvious, the defendant must listen to the oral charge and object to its deficiencies afterwards." Ex parte Curry 471 So.2d 476 (Ala. 1984) (Justice Beatty concurring specially). "Matters not objected to at the trial level cannot be considered for the first time on appeal."Moore v. State, 415 So.2d 1210, 1217 (Ala.Cr.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982) (failure to object to charge on reckless murder where the accused was only indicted for intentional murder).
The defendant received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
 *Page 92